# RUFUS K. DELAFIELD and GEORGE BAXTER v. AARON A. DeGRAW.

### Contract—Article condemned—No Notice to Contractor.

Where, by the term of a contract, cement is to be delivered to the Defendant at a place, to be taken on board of Defendant's vessel, and to be transported to a distant port, where it is to be of a quality to pass inspection of the proper officials, and the cement thus received is to be paid for in thirty days after delivery on board of the vessel, and payment to be received by approved paper, the title to the cement passes on delivery to the vessel, and the Plaintiff becomes liable to make good every term and condition of his contract. If the cement, or any part of it, is not of a quality to pass inspection at the designated port, and is condemned by the inspecting officer, it becomes the duty of the Defendant to either return such condemned article to the Plaintiff, or to notify him where the same is stored, subject to his order; and, failing to do so, he cannot recover by way of counter-claim for such damaged or condemned cement.

This is an appeal from the judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of the Plaintiffs, upon the report of a referee. The action was brought upon the following contract :

This contract, made this 1st day of August, 1855, between Aaron A. DeGraw and Delafield & Baxter : The said Delafield & Baxter contract to deliver to Aaron A. DeGraw forty-two hundred barrels of hydraulic cement, to be equal in quality to the best Rosendale or Newark manufacture, to be packed in air-tight oak barrels, well lined with paper, each barrel to contain not less than three hundred pounds of cement, and to be subject to the inspection of the United States Government Inspector, and at said Aaron A. DeGraw's option as to the place of delivery, to be delivered at the following places, at the option of said DeGraw, viz. : Rondout, at the tackle of the vessel, ninety cents per barrel; New York city, at the tackle of the vessel, ninety-five cents per barrel; at a credit of thirty days from the time of delivery, to be approved paper. Delafield & Baxter reserve the right, if the United States Government will receive the cement in hard wood

4

barrels, to pack the same in such barrels. All the cement to be received by Aaron A. DeGraw within four months. The above cement is for Pensacola Navy Yard.

New York, No. 251 South Street, August 1, 1855.

AARON A. DeGRAW.

DELAFIELD & BAXTER.

Witness :

E. G. TUTTLE.

The following were the facts, as established by the referee, after hearing the evidence of the respective parties :

That Plaintiffs delivered to the Defendant, under the contract set out in the complaint, forty-two hundred barrels of cement, as follows :

1855. Sept.  5,  786 barrels at New York.
      Nov.  9,  240 barrels at New York.
      Nov. 13, 1466 barrels at Rondout.
      Nov. 15,  605 barrels at New York.
      Nov. 24, 1103 barrels at New York.

The said cement was equal in quality to the best Rosendale or Newark cement, as required by the contract, and was packed in barrels well lined with paper, but such barrels were not oak barrels, nor air-tight, as required by the contract.

The said cement was delivered at New York and Rondout, on board of vessels furnished by the Defendant, and was by him received and carried to Pensacola.

Of such cement some 300 barrels did not pass the inspection of United States Government Inspectors at Pensacola, but Defendant did not return said cement, or notify Plaintiffs to take it back, nor has he showed what disposition was made of it, or what damages he sustained by reason of its defective packing, or its not passing inspection. That said cement was received by Defendant at New York and Rondout, without being inspected at such places of delivery by any Government Inspector, nor did Defendant require it should be so inspected before such delivery. That on or about the 24th day of November, 1855, Plaintiffs sold and delivered to Defendant, at the city of New York, and the Defendant then

and there purchased and received, ninety-seven barrels of cement beyond the number named in the said contract, and that said last-mentioned cement was worth ninety-five cents a barrel.

That the said cement delivered under said contract, and the cement sold and delivered over and above said contract, after crediting the payments made by the Defendant, amounted, on the 15th of February, 1856, to $811.43.

The referee did further find and report, as matter of law, that the Plaintiffs were entitled to recover for the cement delivered under said contract, though not packed in full accordance with all the particulars mentioned in the contract, and though a portion of it did not pass inspection at Pensacola ; and that Defendant, not having returned or notified Plaintiffs to take back any of the cement so delivered, nor shown what damages he has sustained by reason of the Plaintiffs' non-compliance with any of the provisions of the contract, or by reason of any of the cement not passing inspection, is not entitled to recover any amount in this action by way of counter-claim.

The referee, therefore, found that Plaintiffs were entitled to recover judgment against the Defendant for the sum of $811.43, with interest from February 15, 1856, amounting, at the date of his report, to the sum of $995.23, besides the costs of the action.

*B. F. Tracy* for Appellant.

*Geo. W. Foster* for Respondents.

HUNT, J.—I regard this contract as containing separate and independent provisions on the part of the respective parties.

The Plaintiffs contracted to deliver to the Defendant forty-two hundred barrels of cement of a particular character, subject to the inspection, at Pensacola, of the United States Government, and with the choice to the Defendant of two places for the delivery of the same, viz., Rondout or New York. The Defendant was entitled to a credit of thirty days on the price, from the time of the delivery, but he was to make the Plaintiffs secure on such credit by giving them " approved paper " for the amount.

The duty of payment by the Defendant was absolute, and not dependent on the character of the cement received by him at Rondout, nor upon its inspection at Pensacola, nor indeed upon its arrival at that place. It depended simply upon its actual delivery to him (Grant v. Johnson, 1 Seld. R. 247 ; 1 Saunders, 320a).

The title to the cement passed to the purchaser upon its delivery to him (Wooster v. Sherwood, 25 N. Y. R. 278 ; Crofoot v. Bennett, 2 Coms. 258).

Its reception by him did not, however, waive his right to have it inspected by the government officials at Pensacola, nor the right of action for any deficiency or non-conformity to the contract.

The whole number of barrels was delivered to the Defendant at New York and Rondout, on board of vessels furnished by him, by him there received, and by him carried to Pensacola.

On such delivery the Defendant immediately became liable to the Plaintiff to pay the money, or to deliver him approved paper at thirty days for the amount of the cement so delivered and received (auth. sup.).    He did make payment in a manner satisfactory to the Plaintiffs for the whole amount, except $811.43.

Although the cement was thus accepted by the Defendant, it was under the provisions of the contract as set forth.  That contract provided that the cement should be subject to the inspection of the United States Government Inspector, and at Pensacola, as is fairly to be inferred.   The referee finds that three hundred barrels did not pass such inspection.

Here was a failure of duty on the part of the Plaintiffs, by which the Defendant may have suffered damage, and on account of which he claims to defeat the Plaintiffs' right of recovery in the present action.    The referee held against this view of the Defendant, on the ground which he finds to exist, that he did not return the cement after its rejection, or notify the Plaintiffs to take it back, and that he had not shown what disposition was made of it, or what damage, if any, he had sustained by its defective packing, or its not passing inspection.  It is certain that there was not a complete performance in delivering the three hundred barrels which failed

to pass inspection; but it is equally certain that this circumstance does not alone furnish a cause of action or of counter-claim to the Defendant. He had received the three hundred barrels at New York or Rondout, and had himself transported them to Pensacola.

They were there condemned, and thenceforth are entirely lost sight of.

Whether they were afterward received by the United States authority, whether they were converted to some other use, whether such use resulted in a loss or in an advance, is entirely undisclosed. This proceeding the law will not justify. When the Government Inspector refused his approval of the three hundred barrels, it was the duty of the Defendant at once to have returned the same to the Plaintiffs, or to have notified them of such refusal; to have informed them where the cement was stored, and that it was subject to their order (Reed *v.* Randall, 29 N. Y. 358). The Defendant did none of these things. He gave the Plaintiffs no opportunity to ascertain whether an inspection ought to have been allowed, or whether it could yet be obtained. He allowed no opportunity to turn the cement into money, either at a full price or at a reduced valuation.

He simply did nothing, and, so far as the Plaintiffs are concerned, permitted the cement to be destroyed or wasted. Under such circumstances he has no claim against the Plaintiffs for the reason that the cement did not pass inspection.

Upon the main point of argument I am, therefore, of opinion that the cause was rightly decided below.

The case contains many exceptions to the admission or exclusion of evidence. The most of them are disposed of by the view of the case already taken. The others are carefully considered, and, I think, fully answered in the opinion of the General Term of the Superior Court.

They afford no just ground for ordering a new trial.

In my opinion the judgment should be affirmed.

All affirm.