ABNER H. McCORMICK and JAMES B. DAWKINS, Respondents, *v.* JOHN B. SARSON, Appellant.

Upon a sale of goods, if the purchaser accept them after examination, or an opportunity for examination, he cannot afterward, in the absence of any fraud or warranty, upon being sued for the price, object that the property was not of the agreed quality. And this rule applies to a sale of all the goods of various grades at a particular place, quantity of each unascertained, to be paid for at fixed rates for the various qualities.

Accordingly, where the defendant, having purchased all the lumber in the plaintiff's mills at an agreed price per 1,000 feet for the "prime," another price for the "merchantable,'" and another price for "refuse," and, the lumber having been delivered, after opportunity for examination, gave a receipt for so many thousand feet of prime lumber, so many thousand feet of merchantable and so many thousand feet of refuse.—*Held*, in an action for the price, evidence offered by the defendant to show that all the lumber for which the action was brought as "prime," and a large portion as "merchantable," was neither, but in fact "refuse," was properly excluded. (CHURCH, Ch. J., ALLEN and GROVER, JJ., *contra*.)

(Argued February 3d; decided April 4th, 1871.)

APPEAL from the Superior Court of the city of New York, affirming a judgment for the plaintiff, at the the trial term.

The action was to recover the purchase price of a quantity of lumber sold the defendant by the plaintiff. The sale was by written contract. By its terms the plaintiff sold the defendant all the sawed lumber then in a certain yard, at the rates stated in a schedule annexed to the contract, to wit: seventeen dollars a thousand for "prime," fifteen dollars a thousand for "merchantable" and eight dollars a thousand for "refuse." The amount in feet was to be ascertained by a competent measurer. Upon the trial, the plaintiff offered the following receipt, signed by the defendant's agent.

"Received, Cedar Keys, Florida, September 28, 1867, of McCormick & Dawkins, 53,732 feet prime lumber, 166,115 feet merchantable lumber, 58,562 feet refuse lumber, in accordance with an agreement entered into by McCormick & Dawkins at Cedar Keys, Florida, and John B. Sarson, of the city of New York, on the 17th day of June, 1867."

The answer of the defendant, beside a general denial, set up that the contract was made on Sunday, by means of deceit, fraud and false representation, and asked to have it set aside as void.

At the close of the plaintiffs' case, the defendant offered to show that all the lumber for which the action was brought as prime, and a large portion of the lumber for which the action was brought as merchantable, was not prime or merchantable as respectively claimed, but was only refuse and of a vastly inferior quality to "prime or merchantable." This was excluded, and the plaintiff had judgment for the agreed price.

*Moody B. Smith*, for the appellant.

*Livingston K. Miller*, for the respondent.

By the Court—PECKHAM, J. This was an action for the price of different kinds of lumber, alleged to have been sold

and delivered. Denial by defendant. The contract proved required the delivery to the defendant of all the lumber in plaintiff's yard, consisting of three different qualities at different prices. The plaintiff had proved the delivery to, and *acceptance* by defendant's agent, of the lumber, as of the different qualities claimed, viz., so much prime, so much merchantable, and so much refuse. The defendant then offered to prove that "all the lumber for which the action was brought as prime and a large portion of that claimed as merchantable, was not prime. or merchantable, but only refuse, and of a vastly inferior quality to prime or merchantable."

This was rejected by the court, and defendant excepted.

The precise ground of the decision does not appear. In the General Term, the court inferred that it was rejected upon the pleadings. That no notice had been given of any claimed defect in the lumber.delivered and received as prime or merchantable.

If the plaintiff claimed there was any defect in the pleadings, he should have taken that objection at a time and place where they could have been amended. We ought not to listen to such an objection when first presented to a court of review; to do so might in many cases cause great injustice.

Was the evidence offered admissible on the merits? I think not. The evidence then before the court proved that the lumber had been *delivered* to and *accepted* by defendant's agent as of the qualities claimed. The contract had been executed. The receipt was evidence that the defendant had knowingly accepted this lumber and received it as of such a quality,

The testimony offered did not propose to contradict that. In fact, it was entirely in harmony with that evidence. It said virtually: I had an opportunity of examining this lumber; I did examine it, and accepted it as prime, but afterward I ascertained it was not prime; I changed my opinion and judgment; the fact was otherwise.

This will not do. If he accept it after examination or after an opportunity for examination, as fulfilling the contract, he

is bound by such action. This rule is well settled. (*Reed* v. *Randall*, 29 N. Y., 358; *Gillespie* v. *Torrance*, 25 N. Y., 306; *Hargous* v. *Stone*, 1 Seld., 73; *Sprague* v. *Blake*, 20 Wend., 61; *Hart* v. *Wright*, 17 Wend., 267, 277; 1 Wend., 185; 20 J. R., 196.) This is the rule in the absence of any fraud or warranty. No fraud or warranty was claimed or offered to be proved in this case. None was pretended.

If the defendant could have had any relief, he should have given notice of the inferior qualities of the lumber as soon as discovered, and offered to return it unless plaintiff would consent that it should be regarded as refuse, and so applied upon the contract. (*Sprague* v. *Blake*, *supra*; *Reed* v. *Randall*, *supra*.) There is no evidence of any such notice or claim by the defendant.

Nor does it make any difference that the defendant was to take all the lumber of the plaintiff. The contract provided for the receipt of different qualities. When delivered and accepted as prime quality, that lumber was then upon the same basis in law as if the contract had provided only for the delivery of prime lumber. It was controlled by the same rules, and so of the other qualities. The judgment is affirmed.

FOLGER, RAPALLO and ANDREWS, JJ., concur.

CHURCH, Ch. J., ALLEN and GROVER, JJ., dissent.

Judgment affirmed.