THE DUTCHESS COMPANY, Respondent, *v.* HENRY M. HARDING, Appellant.

Where in an executory contract for the purchase and sale of personal property, there is no warranty, express or implied, an acceptance by the vendee after examination or after an opportunity for examination, in the absence of fraud, is conclusive of an assent upon his part that the property is of the quality contracted for; but where the acceptance is induced by artifice or fraud of the vendor, by reason of which an examination is prevented or interfered with, the acceptance is not binding as an assent to the quality, and the vendee's rights under the contract are unimpaired thereby.

Where a portion of a writing is competent evidence for any purpose, it is not rendered incompetent because it contains other statements which are inadmissible.

(Argued April 15, 1872; decided April 30, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict; also, affirming an order denying a new trial.

The action was brought for an alleged breach of contract in the sale of a quantity of sumac.

Defendant contracted to sell and deliver to plaintiff 1,400 bags of sumac (Triangle R sumac), "quality to be like sample in every respect." Defendant caused this brand to be put upon bags containing another, and, as the proof tended to show, inferior quality; some ten or twelve bags were sampled by plaintiff, which corresponded nearly in quality with that contracted for, and the article tendered was accepted, plaintiff relying upon the brand for the quality of the balance. It was sent to plaintiff's works, and upon being tested was found to be of an inferior quality and unfit for plaintiff's use; a return of the sumac was thereupon offered by plaintiff, and a demand of the money paid therefor. Defendant refused to accept a return or to refund the money.

Further facts appear in the opinion.

*Henry Nicoll* for the appellant. The cause of action is a breach of contract to sell and deliver, not a breach of warranty, (*Reed* v. *Randall*, 29 N. Y., 358; *Hargous* v. *Stone*, 1 Seld., 373.) Plaintiffs are concluded by the acceptance. (*Reed* v. *Randall*, 29 N. Y., 358; *Leavenworth* v. *Parker*, 52 Barb., 132.) Their right to reject the article did not survive the necessary time and opportunity for its examination. (*Reed* v. *Randall*, 29 N. Y., 358; *Fisher* v. *Samuda*, 1 Campb., 190; *Griswold* v. *White*, 4 Esp., 95; *Mitner* v. *Tucker*, 1 C. & P., 15; *Sprague* v. *Blake*, 20 Ward., 61; *Hargous* v. *Stone*, 1 Seld., 73; *Parker* v. *Palmer*, 4 B. & A., 387; *Chapman* v. *Martin*, 11 M. & W., 534; *Beverly* v. *Lincoln Gas Co.*, 6

A. &. E., 829.)   Where irrelevant testimony has been admitted and excepted to, a new trial must be granted, unless the court can see, beyond doubt, that it cannot possibly have prejudiced the party excepting.   (*Williams* v. *Fitch*, 18 N. Y., p. 546 ; *Underhill* v. *N. Y. and Harlem R. R.*, 21 Barb., 496 ; *Farmers' and Manufacturers' Bank* v. *Whinfield*, 24 Wend., 419 ; *Whiting* v. *Otis*, 1 Bosw., 420 ; *Gortlet* v. *Mead*, 7 Wend., 193.)

*Homer A. Nelson* for the respondent.   The contract was a sale with warranty. (*Messenger* v. *Pratt*, 3 Lans., 234 ; *Mullen* v. *Eno*, 14 N. Y., 597.)   The acceptance was induced by fraud and not binding.   (29 N. Y., 358 ; 45 id., 265.)

CHURCH, Ch. J.   The learned judge who tried this case at the circuit ruled that the contract for the sale and purchase of the sumac was executory, that there was no warranty, express or implied, and that the acceptance of the delivery of the merchandise after an examination, or an opportunity for examination, was conclusive upon the plaintiffs of an assent upon their part that the property was of the quality contracted for, and in the absence of fraud prevented any claim by them on account of its inferior quality.   It is unnecessary, therefore, to review this ruling, as this construction of the transaction was the most favorable for the defendant.   The case was submitted to the jury upon the question whether the plaintiffs were induced to accept the delivery in consequence of the defendant's having caused the article to be falsely branded, and that it was in fact inferior to the article purchased, and the jury found against the defendant.   There was no error of law in this ruling.   The acceptance of the property under such a contract implies a consent or agreement on the part of the vendor that the quality is satisfactory, and is conclusive upon him.·   He is not bound to accept a different article from that contracted for, and he is entitled to an opportunity for examination.   The agreed quality is regarded as a part of the contract of sale itself, and not as a warranty or agreement collateral to

it.   In such a case the vendee must immediately rescind the contract, and return or offer to return the goods, or he will be foreclosed from all claim.   He cannot retain the property, and afterwards sue for damages on account of the inferior quality.   (29 N. Y., 358; 1 Seld., 73; 45 N. Y., 265; *Pomeroy* v. *Shaw*, not reported.)   But when the acceptance is induced by any artifice or fraud of the vendor, the reason and foundation of the rule of its binding force fails.   The express or implied assent is wanting.

The complaint alleges that the false branding and other specified fraudulent practices of the defendant induced the plaintiff to believe that the sumac was of a certain quality and manufacture, and prevented a more full and complete examination.   Although the other alleged fraudulent acts were not established, yet if the false branding had the effect claimed, it was sufficient to justify the verdict.   It is not necessary to prove all the alleged fraudulent acts.

The principal point made by the defendant in this court is upon the refusal of the court to charge that there was no evidence from which the jury would be authorized to infer that the defendant committed any fraud or artifice to prevent or interfere with an examination.   This position is not tenable. The contract called for " Triangle R " sumac.   There was evidence tending to show that this was an article bought and sold in the market, known to the plaintiff, who had used it at its works for a considerable period; that the bags containing it were branded with a triangular figure inclosing the letter R, which indicated a certain and definite quality of sumac; that the defendant caused a different article to be branded as " Triangle R " sumac; that the plaintiff tested it from a few of the bags, and found it acceptable, and relied upon the brand for the quality of the balance; that the article was, in fact, an inferior article and unfit for plaintiff's use. The defendant introduced evidence tending to establish that the brand in question was not indicative of any particular quality, except that it was a low grade of sumac, and that the article delivered was, in fact, equal to the sample, and that at

all events he supposed it was, and gave the plaintiff every opportunity for examination. It was unnecessary to establish that the defendant knew that the article delivered was inferior to that contracted for.

The question is, whether the acceptance was binding as an assent of the proper quality, and if that was invalidated by the false brand put upon the bags, then there was no acceptance, and if the article was in fact inferior, the defendant's rights were unimpaired when the discovery was made. There was a conflict of evidence upon the points involved, but it was sufficient to authorize the jury to infer that plaintiff was misled and deceived by the false branding. The court submitted the question fairly to the jury and charged nearly every proposition of law requested by the defendant, and if any error has been committed, it was an error upon the facts which we cannot remedy. It is objected that the court erred in allowing evidence of the price paid by the defendant for the sumac. This evidence was contained in a letter to and contract with the witness Haussman, for the purchase by the defendant of the sumac. These papers were produced for the purpose of proving that the brand in question was put on to the bags by direction of the defendant, and if competent for that purpose, their admission would not be incompetent because they contained other facts which were inadmissible. They were not admitted to prove the price paid, but for another purpose.

It is also objected that the admission of evidence that the sumac worked bad in August, was error, because it was too late, as the delivery was made in June. The answer to this is, that if there was no binding acceptance, as the jury must have found, then the plaintiff was only bound to use diligence in notifying the defendant after the discovery that the article was inferior. It seems that the plaintiff had no use for the sumac until August, and it used a considerable quantity before ascertaining that it was that article instead of some of the other ingredients used in coloring which produced the difficulties experienced. They then notified the defendant's

managing clerk (the defendant being ill), and made further
experiments to test the quality of the article. The questions
presented at the trial, as to time, were based upon the accept-
ance of the article by the plaintiff, in the first instance, and
are not tenable after the principal fact was rendered nugatory
by that act of the defendant.

There was no legal error committed on the trial, and the
judgment must be affirmed.

All concur.

Judgment affirmed.