By the Court. -—Sedgwick, J.
The complaint is drawn most ambiguously. It must, I think, be considered as averring an action for damages, by reason of fraud on the part of defendant, in inducing the plaintiff to accept certain sewing machines, under an executory contract between them; although there are many allegations only appropriate to an action upon the contract. It substantially charges, construing it in connection with the proof given and offered on the trial, that there was a contract between the parties, by which the plaintiff was to convey certain land, and pay certain money, for which the defendant was to deliver a number of Sewing machines, at different times and in several parcels. The contract provided “ all of said machines are to be complete machines, with usual manufactured attachments, and all to be of the pat *485 terns, which at the respective manufacturers are retailed at sixty-five dollars. Each and all are to be of the latest.” The complaint alleges that the defendant offered for delivery under the contract, a parcel of the sewing machines, one hundred in number, and, with intent to defraud plaintiff, and for the purpose of fraudulently leading him to believe that the machines offered were of the kind described by the contract, did falsely, knowingly, and fraudulently represent to plaintiff that the said one hundred machines were all entirely new machines, direct from the factories where they were manufactured, and were all in perfect order and condition, and of the kind and sample retailed by the manufacturers at sixty-five dollars each; that the plaintiff, believing said pretenses to be true, accepted said machines as a delivery under said contract; and did make a payment thereupon of two thousand dollars ; whereas in fact, the said machines were not new machines, or direct from the factories where manufactured, or in good order or condition, or of the kind and sample retailed at sixty-five dollars each, but were, as the defendant knew, old second-hand machines, much used, of little value, and direct from a place or shop, where he had caused them to be repainted and fixed up to give them the appearance of being new machines ; that the plaintiff had offered to return the said machines, &c.
Upon the trial no objection was taken to the form of the pleadings, or to the evidence, as not justified by them. The court, at a certain stage of the case, held that the action could not be maintained for false and fraudulent representations, and upon the plaintiff’s opening, and upon the testimony admitted and offered, dismissed the complaint. I understand from this, that it was adjudged that the plaintiff had only a cause of action upon the contract.
The plaintiff’s counsel had by his opening, proposed *486 to prove the allegations of the complaint; he had further given evidence to show that the defendant had made substantially the representations as set out in the complaint, and that at the time the machines were •boxed up ; that the plaintiff said he would like to see two or three of them, and three were then unboxed ; that they had the appearance of being new machines, and the attachments were with them, and the ironwork had just been painted and the wood-work had been varnished. Upon a motion by defendant’s counsel, the whole of this evidence was stricken out, and an exception was taken by plaintiff’s counsel. Plaintiffs counsel then, in different forms, offered to prove the making of the pretenses, their falsity, the fraud of the defendant, that plaintiff relied upon the pretenses, and his payment of money.
As I understand the case, the only reason for denying that the plaintiff had prima facie a cause of action, was that the plaintiff having once accepted the machines, under the contract, his rights were confined to damages for a breach of the contract, if any, on defendant’s part. But this will not be correct if it be conceded that the plaintiff has the right to avoid that acceptance. If he do so successfully, the result will be, that the transaction of the delivery, &c., is cut off ; the contract and the rights of the parties, are to be determined by the character of the transaction. The fact that fraud is committed in inducing a person to become bound by a contract, does not destroy a legal liability in damages for fraud, while the liability upon the contract also is unimpaired (Goldberg v. Doughetty, 39 N. Y. Superior Ct. R. 190; Morgan v. Skidmore, 55 Barb). 263, affirmed by court of appeals ; Whitney v. Allaire, 4 Den. 554 ; 1 N. Y. 305 ; 1 Hill, 484).
There can be no doubt, that when acceptance under an executory contract is procured by the vendor’s fraud, i>: has no effect upon the vendee’s rights under the con *487 tract. There is no question in the case, of the effect upon the rights of plaintiff of a retention of the machines. For in the present case the plaintiff was prepared with testimony to show that upon discovery of the alleged fraud, he offered to return the sewing machines (The Dutchess Company v. Harding, 49 N. Y. 325 ; Judge Woodruff’s opinion in Ely v. O’Leary, 2 E. D. Smith, 358). It would follow that the vendee had a right to recover money, not paid under the contract but upon a delivery and acceptance which had only an apparent but not a real connection with the contract.
The next question is, did the plaintiff offer to give evidence of fraud, that would be sufficient in law to avoid the acceptance ? The only reason for adjudging that he did not would be, if any, that the plaintiff, being a vendee in the executory contract, was put on Ms guard as against all false representations, because the law, by the very occurrence itself, imposed on him caution and a knowledge that, if he Would protect himself, he must examine to see if the machines were of the Mnd described in the contract. This, if correct, is a form of the general rule, that in such cases, the party alleging damage from deceit is held to show the use of ordinary prudence and caution. It is unnecessary to look at the general purport of this rule. It is subject to many limitations, and, in the present case, should not be applied. This is not the case of a representation only that the goods corresponded with the demand of the contract. That, by itself alone, ould perhaps have called upon the plaintiff to examine. But the plaintiff was led to omit the examination of the whole and to examine but a part by the representation of the defendant that the macMnes had come direct from the factories. The plaintiff was led in this way to believe it to be a fact, that manufacturers had just delivered them as new machines (Mead v. Bunn, 32 N. Y. 274; Van Epps v. Harrison, 5 Hill, 63). The inference to be; *488 drawn from these facts, was (the jury would have been at liberty to find) by the design of the defendant, to be used by the plaintiff, instead of personal inspection. As to such a statement the rule caveat emptor does not apply. The plaintiff would have looked for himself but was fraudulently induced not to do so.
Moreover, there was at least a question of fact for che jury as to whether the defendant had not painted and furbished the machines, which the plaintiff did look at, so that they had an appearance which deceived the plaintiff, even when making an examination. If the defendant did this fraudulently, certainly an acceptance based upon such an examination is not binding. Less would suffice, in case of an immediate return (The Dutchess Co. v. Harding, 49 N. Y. 323).
I have taken for granted, that the terms of the contract would not be satisfied by second-hand machines. I think there can be no doubt that they were to be new machines. They were to be marketable.
I am of opinion that the evidence offered by plaintiff that the defendant, before the making of the contract, had said to plaintiff, that the machines were to be new, was properly overruled. The plaintiff could not rely upon it as one of the false representations, and otherwise it seems immaterial.
The order dismissing the complaint should be reversed and the plaintiff’s exceptions in relation to it sustained with ten dollars costs and disbursements to be taxed. There should be a new trial.
Speir, J., concurred.