## RYAN *v.* PARR.

*(Supreme Court, General Term, Fifth Department. October 23, 1891.)*

**1. JUSTICE'S JUDGMENT—BODY EXECUTION—DISCHARGE OF DEBTOR.**
    Code Civil Proc. § 3063, provides that on appeal from a justice's court, in a case where a new trial is not to be had, the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects, and that it may affirm or reverse the judgment of the justice, in whole or in part, for errors of law or of fact. Section 3071 declares that, where a new trial is to be had in the appellate court, the action shall be deemed at issue in such court; and all the proceedings therein, including the entry and enforcement of judgment, shall be the same as if the action had been commenced in such court. *Held*, that on appeal from the justice's court to the county court, though the appeal be on questions of law only, the judgment rendered is the judgment of the county court, and an execution thereon is not on the transcript of a judgment recovered before a justice, within Civil Code Proc. § 3033, declaring that a person committed to jail by virtue of an execution issued by a county clerk, on a transcript of a judgment recovered before a justice of the peace, must be discharged after 30 days if he has a family in the state for which he provides.

**2. SAME—BY WHAT COURT ENFORCED.**
    Code Civil Proc. § 1319, (in chapter 12, the title of which relates only to appeals to superior city courts, the supreme court, and the court of appeals,) providing that, where a judgment from which an appeal has been taken from one court to another is wholly or partly affirmed, it must be enforced by the court in which it was rendered, to the extent permitted by the determination of the appellate court, as if the appeal therefrom had not been taken, does not apply to appeals from a justice's court to the county court.

**3. SAME—EXECUTION.**
    The signature of the county clerk on executions issued by plaintiff on judgments of the county court is unnecessary, and may be treated as.surplusage.

Appeal from Monroe county court.

James Ryan brought an action for a tort in a justice's court against Jacob Parr, and recovered judgment. An appeal was taken by defendant on questions of law only to the county court, where the judgment was affirmed. Judgment was then entered in the county court for the amount of the judgment rendered by the justice, together with the costs of the appeal, and was docketed as a county court judgment. Execution having been issued thereon, and returned, "No property found," an execution against the person of defendant was issued, and he was arrested and confined in jail. Both of said executions were issued by plaintiff's attorney, and not by the clerk of the county court. After 30 days defendant demanded the sheriff to discharge him; filing with him, in support of his demand, an affidavit that he had a family within the state for which he provided, and that he had been held under the execution for 30 days. Upon the sheriff's refusal to discharge him defendant made a motion in the county court for his discharge. The motion was denied, and defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

O. H. Stevens, for appellant. H. E. Hallock, for respondent.

PER CURIAM. The order appealed from should be affirmed. The judgment which the execution was issued to collect was the judgment of the county court of Monroe county. The Code makes no distinction in respect to the judgment between an appeal for a new trial and an appeal on questions of law. In either case it is a judgment of the county court. Sections 3063[1] and 3071[2] of the Code of Civil Procedure. Section 1319[3] of the Code does not apply to appeals from a justice's court to the county court. Chapter 12, of which that section is a part, relates only to appeals to superior city courts, the supreme court, and the court of appeals. It is so stated in the title of the chapter. The signature of the county clerk to the executions was unnecessary, and may be treated as surplusage. They were signed by the attorney, as they should be. The execution was not issued by a county clerk on a transcript of a judgment recovered before a justice of the peace, as provided by section 3033[4] of the Code, and hence the appellant was not entitled to his discharge by delivering to the sheriff an affidavit under section 3034.[5] The order appealed from should be affirmed, with $10 costs and the disbursements of the appeal against the appellant.

[1] Code Civil Proc. § 3063, provides that on appeal from a justice's court, in a case where appellant is not entitled to, or has not demanded, a new trial in the appellate court, the appeal must be heard upon the original papers, or a certified copy thereof; and the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits, and it may affirm or reverse the judgment of the justice in whole or in part, or as to any or all of the parties, and for errors of law or of fact.

[2] Section 3071 provides that, where a new trial is to be had in the appellate court, the action is deemed an action at issue in the appellate court; and all the proceedings therein, including the entry, enforcement, and review of the judgment, are the same as if the action had been commenced in the appellate court.

[3] Section 1319 (of chapter 12, which by its title relates only to appeals to superior city courts, the supreme court, and the court of appeals) provides that where a judgment, from which an appeal has been taken from one court to another, is wholly or partly affirmed, or is modified upon the appeal, it must be enforced by the court in which it was rendered, to the extent permitted by the determination of the appellate court, as if the appeal therefrom had not been taken.

[4] Section 3033 declares that "if a person committed to jail by virtue of an execution issued by a justice of the peace, * * * or by virtue of an execution issued by a county clerk on a transcript of a judgment recovered before a justice of the peace, * * * has a family within the state for which he provides, he must be discharged after remaining in custody, either with or without being admitted to jail liberties, thirty days."

[5] Section 3034 requires the prisoner, in order to procure his discharge under section 3033, to deliver to the sheriff an affidavit setting forth the facts entitling him thereto