MINNIE BONNETT, RESPONDENT, *v.* THEODORE TOWNSEND, APPELLANT.

*Justices' Court — appeal — power of the County Court, upon the death of a surety, to order a further undertaking.*

The appellant, in an action in a Justice's Court, gave, upon appeal, the undertaking required by section 3050 of the Code of Civil Procedure. In 1883, two years later, the surety died. In 1891, the appeal still remaining undetermined, the County Court ordered a new undertaking to be given, and upon a failure to comply with such order dismissed the appeal.

*Held,* that the giving of a proper undertaking in the first instance was sufficient, and that the County Court had no power thereafter, in an action brought in a Justice's Court, to compel the filing of a new undertaking.

That sections 1308 and 3276 of the Code of Civil Procedure had no application to such an appeal.

APPEAL by the defendant Theodore Townsend from a judgment of the Niagara County Court, entered in the office of the clerk of

the county of Niagara on the 1st day of June, 1891, in favor of the plaintiff for $185.90, besides costs, upon a dismissal by the Niagara County Court of the defendant's appeal, with notice of an intention to bring up for review certain orders granted herein, one upon the 16th day of March, 1891; another upon the 25th day of May, 1891, and another upon the 27th day of June, 1891, respectively.

Judgment was rendered for plaintiff in a Justice's Court on March 7, 1881. The defendant appealed on March 26, 1881. The surety on the undertaking on appeal died in 1883. On March 16, 1891, an order was made requiring the appellant to execute, file and serve a new undertaking. On May 25, 1891, the County Court by order dismissed the appeal because of a failure to serve the new under taking required. On June 27, 1891, the court denied a motion of the appellant to vacate the order of March 16, 1891.

*Henry M. Davis*, for the appellant.

*Armstrong & Duckwitz*, for the respondent.

LEWIS, J.:

The appellant appealed from a judgment obtained against him by the respondent in a Justice's Court to the County Court of Niagara county. The judgment appealed from was for the sum of $115.20 damages. The appellant, in his notice of appeal, asked for a new trial in the County Court, and for the purpose of effecting his appeal gave the undertaking required by section 3050 of the Code of Civil Procedure. One John Humphrey was the sole surety upon said undertaking. Humphrey thereafter, and in the year 1883, died. The appeal remaining undetermined, the respondent, in the month of March, 1891, moved the County Court for an order requiring the appellant to cause to be executed and filed a new undertaking with new sureties, and it being made to appear to said court, by affidavits presented on the motion that the surety Humphrey had died, and that there was no property within the State of New York belonging to the estate of the surety, and that the circumstances of the estate had become so precarious that there was reason to apprehend that the undertaking was not sufficient for the security of the respondent, ordered, that within thirty days after the service of a copy of the order upon the appellant's attorney, the

appellant cause to be executed and filed a new undertaking, with new and sufficient sureties, and that if he fail to give the undertaking as required, his appeal be dismissed, with costs to the respondent. The appellant having failed to give the undertaking as required by the order, an order was made on the twenty-fifth day of May, dismissing the appeal, with costs to be taxed, and judgment was thereupon entered for the amount of the judgment in the Justice's Court, with interest, costs and disbursements taxed at sixty-two dollars and seventy-two cents, and the appellant thereupon appealed from the judgment and said orders, and his contention is that the County Court had not the power to grant the orders. The appellant, when he appealed, gave a sufficient undertaking, the justice's return had been filed, and the action was at issue in the appellate court.

The power of a court to require security for the payment of a judgment and costs is purely a creation of the statute, and authority, therefore, must be found in the statute or it does not exist. (*Republic of Honduras* v. *Soto*, 112 N. Y., 310–313.) We are aware of but two sections of the Code of Civil Procedure authorizing the granting of an order requiring the giving of a new undertaking in case of the insolvency of sureties, and they are sections 1308 and 3276. Section 1308 has no application to this case as it does not apply to appeals from a Justice's Court to the County Court. It is a part of chapter 12, which has relation only to appeals to the Court of Appeals, to the Supreme Court or Superior City Courts, and to appeals from final determinations in special proceedings. Section 3276 forms part of the title in reference to security for costs in cases referred to in that title, and does not apply to appeals to the County Court. The case of *Elson* v. *Murray* (27 Hun, 536) has no application here. The decision in that case was placed upon the ground that the appellant in giving an undertaking perpetrated a fraud upon the court. She procured her husband to become the surety upon the undertaking, knowing that he was not worth a dollar, and that he had just before signing the undertaking testified, in proceedings supplementary to execution, that he had no property of any kind.

The appeal in that case was dismissed upon the theory that the appellant had failed to give the undertaking required by the Code, and hence her appeal was ineffectual. In the case at bar the under-

taking furnished by the appellant was sufficient at the time given. The appellant having complied with the provisions of the Code in bringing his appeal, and the action being at issue in that court, we do not think the court had power to require another undertaking because of the insolvency or death of the surety.

It follows that the judgment and orders appealed from should be reversed, with costs of the appeal.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment and orders of County Court of Niagara county appealed from reversed, with costs.