### HATHAWAY *v.* FITCHBURG R. CO.

(*Supreme Court, General Term, Third Department.* November 22, 1892.)

RAILROAD COMPANIES—KILLING STOCK—EVIDENCE.

In an action against a railroad company to recover the value of a colt killed by defendant's cars, a judgment for plaintiff, recovered in justice's court, was reversed by the county court. Defendant offered no evidence on the trial, and it was possible that plaintiff was not entitled to recover, because of failure to introduce proof that any cars passed over defendant's road at the place where and during the time in which the colt must have been killed, or that defendant had any notice of defects in its fence at the point where the colt escaped on the right of way. *Held*, that the judgment of reversal should be so modified as to grant a new trial in the justice's court, with costs to abide the event.

Appeal from Rensselaer county court.

Action by Isaac G. Hathaway against the Fitchburg Railroad Company to recover damages for the killing of a colt by defendant's train. From a judgment of the county court of Rensselaer county reversing a judgment for plaintiff rendered by a justice of the peace, plaintiff appeals. Modified.

The colt in question on a certain evening was in a field adjoining defendant's track. On the next morning it was found dead and mangled on defendant's right of way. Some of the wires were down at a point in the fence along the right of way, and tracks and marks indicated that the colt had passed through the fence at that point. The defendant on the trial introduced no evidence, and there was no proof by plaintiff that any engine or train passed over defendant's track between the time when the colt was last seen alive and the time when it was found dead the next morning, or that defendant had any actual knowledge of the defect in the fence.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*George E. Greene*, for appellant.    *T. F. Hamilton*, for respondent.

HERRICK, J. I am not entirely satisfied with the disposition made of this case. It is possible that the plaintiff did not go far enough in his proof in the justice's court to sustain a recovery, although it seems to me he made out a pretty fair case; but I do not think he should be shut out by a mere reversal. I think he should have an opportunity to get out anything there is in his case, and that, therefore, the judgment of the county court should be so modified as to grant a new trial in the justice's court; costs to abide the event. Section 1319, Code Proc. All concur.