The point has been raised as to the exclusion of the papers to which the witness Malpion referred in his testimony for the purpose of refreshing his memory; but it will be seen upon an examination of this testimony that no error was committed in their exclusion, for the reason that the testimony does not come up to the rule laid down in the case of Bank v. Madden, 114 N. Y. 284, 21 N. E. Rep. 408, it being said in that case:

" It has been uniformly held admissible for the witness to refer to the original entries in respect to the facts upon which he was called upon to testify, and if he verifies their correctness, and is unable to recollect such fact independently of such entries, they may be read in evidence. "

In the case at bar there is no evidence upon the part of the witness that, after reference to these papers, he was unable to recollect the facts. His testimony simply was that, "as I cannot remember the quantity of the goods shipped and the quantity of each kind of goods, I refer to the exhibits, which are both true;" and then he went on and told the quantity of the goods, but he nowhere stated that after an examination of those papers he was unable to recollect the facts therein contained, and hence one element necessary to make such papers competent evidence of themselves was absent.

We have examined the other exceptions to which attention has been called, but do not deem that any of them needs special mention. It would seem, therefore, for the reasons heretofore stated, that the learned court erred in taking the case from the jury and dismissing the complaint, and that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### RICHARDSON v LEVI et al.

(Supreme Court, General Term, Third Department. February 15, 1893.)

1. SALE—LIABILITY OF PURCHASER—NOTICE OF REJECTION.
   A purchaser of goods under an executory contract of sale without warranty is liable for the full price if he receives and sells the goods after having an opportunity to examine them, even though they are not merchantable.

2. SAME—REASONABLE TIME.
   A delay of five days on the part of the purchaser of perishable fruit before notifying the seller that the fruit is not merchantable prevents the notice from operating as a rejection of the fruit, since such notice must be given within a reasonable time.

Appeal from Schenectady county court.

Action by George H. Richardson against Jonathan Levi, Adolph Myers, and Edward F. Cohen. Defendants obtained judgment. Plaintiff appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Robert J. Landon, for appellant.

Hastings & Schoolcraft, (J. Teller Schoolcraft, of counsel,) for respondents.

HERRICK, J. The plaintiff commenced an action against the defendants in the justice's court of Schenectady county to recover the purchase price of bananas sold by him to the defendants. The defendants admitted the sale and delivery of the bananas, but alleged that they were purchased by the defendants in pursuance of an agreement that the bananas were to be good and merchantable bananas when they were received by the defendants at Schenectady, N. Y.; that when said defendants received said bananas at Schenectady, N. Y., they were not good, merchantable bananas, and defendants at once notified plaintiff, and then and there refused to accept the said bananas. Upon the trial the defendant who personally made the agreement testified that he called upon the plaintiff at his store in New York city, that the plaintiff showed him some bananas, and that he said: "'I don't like them. I want some half green and half ripe No. 2 bananas, in good condition when they reach me at Schenectady; and when they are received by me at Schenectady, if they are not good, merchantable bananas, they are yours, and not mine.' He said they were seven shillings a bunch. They sent me 24 bunches. I received them on March 14th. They were sent on March 13th. They were all rotten when they came. We did the best we could, and sold them for what we could. The bananas were worth ten shillings a bunch here. There were 24 bunches. They were worth $5. We sold them because we could not send them back. I sent them a check for $13, and they sent it back. I sent the check because I did not want trouble." He furthermore testified, under the plaintiff's objection, that he sold the bananas because they could not be kept, and were in an overripe condition. On the 19th of March the defendants sent the plaintiff a letter, of which the following is a copy;

"Schenectady, 3, 19, 90.

"George H. Richardson, Esq.—Dear Sir: The bananas must have been heated too much, as they arrived in a very poor condition, and are hardly salable."
　　"Resp.,　　　　　　　　　　　　　　　　　J. Levi & Co."

The evidence here set forth presents substantially the defendants' case. In the justice's court a verdict was rendered in favor of the plaintiffs for the sum of $13, and from the judgment entered thereon the plaintiff appealed to the county court. The county court affirmed the judgment of the justice's court. This, I think, was error. The contract of sale was an executory one. Reed v. Randall, 29 N. Y. 358–361; Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. Rep. 335. There was no warranty. The defendants' only claim is that they stated that the bananas were to be in good condition when they reached Schenectady. If they were not good, merchantable bananas, that they were to be the plaintiff's, and not the defendants'. (See evidence, supra.) This language is no more than the law implies in all sales, and, if the purchaser desires anything more than the law implies in every contract of sale, he must

specifically contract for it. Benj. Sales, (2d. Amer. Ed.) § 600; Peck
v. Armstrong, 38 Barb. 215; Reed v. Randall, 29 N. Y. 358–362; Manu-
facturing Co. v. Allen, 53 N. Y. 515; Dutchess Co. v. Harding, 49 N.
Y. 321; Gentilli v. Storace, 133 N. Y. 140, 30 N. E. Rep. 660. If one
purchasing property without a warranty is satisfied that the prop-
erty when received by him does not comply with the terms of sale,
he must notify the vendor promptly, and offer to return it; and if, after
opportunity to ascertain any defects in the property, he does not
promptly notify the vendor, or offer to return it, he will be deemed to
have accepted the property. Reed v. Randall, 29 N. Y. 358–363;
Delafield v. De Grauw, *42 N. Y. 467; McCormick v. Sarson, 45 N. Y.
265; Gurney v. Railroad Co., 58 N. Y. 358–364; Brown v. Foster,
108 N. Y. 387, 15 N. E. Rep. 608; Canning Co. v. Metzger, 118 N.
Y. 260, 23 N. E. Rep. 372; Mason v. Smith, 130 N. Y. 474, 29 N.
E. Rep. 749. In this case the defendants, after receiving the fruit,
proceeded to exercise ownership over it by selling it. It is claimed
that they gave notice to the plaintiff by the letter above set forth.
The terms of the letter do not import a rejection or offer to return. A
complaining letter does not amount to a rejection or offer to return.
Mason v. Smith, 130 N. Y. 480, 29 N. E. Rep. 749. But assuming
it to have been intended as a notice of rejection, then it seems to me
that it was not made in time. Such notice should be given promptly;
and what would perhaps be considered a reasonable compliance with
the rule under some circumstances would not under others. Here the
parties are dealing with a perishable article,—fruit. The complaint is
that it is overripe, and yet the defendants say nothing in regard to it
until they have had it five days. They receive it on the 14th, write
the letter referred to on the 19th, which is received by the plaintiff on
the 21st. This, under the circumstances, was too long a delay, and is
very far from the promptness which the law requires from one seeking
to disavow a purchase.

The question is presented as to whether this court has the power to
grant a new trial. The case comes before us on an appeal from a judg-
ment of the justice's court; the appeal having been taken in the first in-
stance from such court to the county court, and from the county court
here. Appeals from justices' courts are governed by articles 1–3, tit. 8,
c. 19, Code Civil Proc. Article 2 provides for appeals where a new trial
is not had, and is not asked for, in the appellate-court. Article 3 applies
to appeals for a new trial in the appellate court. The appeal before us
is one where a new trial is not asked for in the appellate court, and
therefore comes under article 2. Section 3063 provides for the judg-
ment which may be rendered on such appeal. It reads "that the appel-
late court must render judgment according to the justice of the case,
without regard to technical errors or defects which do not affect the mer-
its. It may affirm or reverse the judgment of the justice in whole or in
part, and as to any or all of the parties, and for errors of law or of fact."
This appears to me to be a limitation upon the powers of the appellate

court. The general term, it seems to me, has no more power in this respect than has the county court to which appeals from justices' judgments are taken in the first instance. If a county court, upon appeal, cannot grant a new trial, the general term, when a case comes to it from a county court, cannot do so. Reliance is placed upon the case of Hathaway v. Railroad Co., (Sup.) 20 N. Y. Supp. 917, as an authority that this court can grant a new trial. In that case no discussion of the question was had, as it was assumed, without investigation, that section 1317 of the Code authorized the court to grant a new trial, and that assumption was acquiesced in. Section 1317 is a part of chapter 12 of the Code of Civil Procedure, and applies to appeals taken from courts of record, and, it has been held, has no application to appeals from the justices' judgments. Ryan v. Parr, (Sup.) 16 N. Y. Supp. 829; Bonnett v. Townsend, (Sup.) 17 N. Y. Supp. 566. It seems to me, therefore, that in the case of appeals that are not for a new trial from justice's court judgments this court has no power to grant a new trial. Let, therefore, the judgment herein be reversed, with costs. All concur.