GEORGE H. RICHARDSON, Appellant, *v.* JONATHAN LEVI and Others, Respondents.

*Executory contract of sale of personal property, without warranty — promptness required in rejecting the property as defective — perishable fruit — appeals from Justices' Courts — power to grant new trials.*

If a purchaser of personal property desires anything more than the law implies in every contract of sale he must specifically contract for it.

If one purchasing personal property without a warranty is satisfied that the property when received by him does not comply with the terms of sale, he must notify the vendor promptly and offer to return it, and if, after an opportunity to ascertain any defects in the property he does not promptly notify the vendor or offer to return it, he will be deemed to have accepted the property.

A complaining letter in reference to the quality of personal property received under an executory contract of sale does not amount to a rejection or offer to return the property.

The defendants, in business in Schenectady, ordered of the plaintiff, in business in New York, a quantity of bananas, and on giving the order stated to the plaintiff that the bananas were to be in good condition when they reached Schenectady, and that if they were not good merchantable bananas they were to be the plaintiff's and not the defendants'. The bananas were shipped to Schenectady on the thirteenth of the month, received by the defendants on the fourteenth, and subsequently sold by them ; on the nineteenth the defendants wrote to the plaintiff : " The bananas must have been heated too much as they arrived in very poor condition and are hardly salable," and refused to pay the full purchase price, whereupon the plaintiff sued them therefor.

*Held,* that the contract of sale was an executory one ;

That there was no warranty — the statement made to the plaintiff at the time of making the contract being no more than the law implies in all sales ;

That the defendants' letter did not import a rejection or offer to return.

But that assuming the letter to have been intended as a notice of rejection, it was too late — a delay of five days after the receipt of perishable fruit, claimed to be overripe, being far from the promptness which the law requires from one seeking to disavow a purchase.

The General Term has no power to grant a new trial in the case of an appeal from a judgment of a County Court rendered on an appeal in which a new trial is not asked for, from a judgment of a Justice's Court.

APPEAL by the plaintiff, George H. Richardson, from a judgment of the County Court of Schenectady county, entered in the office of the clerk of that county on the 6th day of June, 1892, as amended September 2, 1892, affirming on the plaintiff's appeal, with costs to

the defendants, a judgment for thirteen dollars damages, and costs, rendered in favor of the plaintiff by a Justice's Court.

The plaintiff, by his complaint, demanded judgment for twenty six dollars, with interest and costs.

*Robert J. Landon*, for the appellant.

*J. Teller Schoolcraft*, for the respondents.

HERRICK, J.:

The plaintiff commenced an action against the defendants in the Justice's Court of Schenectady county to recover the purchase price of bananas sold by him to the defendants. The defendants admitted the sale and delivery of the bananas, but alleged that they were purchased by the defendants in pursuance of an agreement that the bananas were to be good and merchantable bananas when they were received by the defendants at Schenectady, N. Y. That when said defendants received said bananas at Schenectady, N. Y., they were not good, merchantable bananas, and defendants at once notified plaintiff and then and there refused to accept the said bananas.

Upon the trial the defendant who personally made the agreement testified that he called upon the plaintiff at his store in New York city, that the plaintiff showed him some bananas, and that he said : " I don't like them. I want some half green and half ripe No. 2 bananas, in good condition when they reach me at Schenectady, and when they are received by me at Schenectady if they are not good merchantable bananas they are yours and not mine. He said they were seven shillings a bunch. They sent me 24 bunches. I received them on March 14th; they were sent on March the 13th; they were all rotten when they came; we did the best we could and sold them for what we could ; the bananas would be worth ten shillings a bunch here; there were 24 bunches; they were worth $5 ; we sold them because we could not send them back; I sent them a check for $13 and they sent it back. I sent the check because I did not want trouble." He furthermore testified under the plaintiff's objection that he sold the bananas, because they could not be kept, and were in an overripe condition. On the nineteenth of

March the defendants sent the plaintiff a letter, of which the following is a copy:

"SCHENECTADY, 3, 19, 90.

" GEORGE H. RICHARDSON, Esq.,

DEAR SIR — The bananas must have been heated too much as they arrived in a very poor condition and are hardly salable.

"Resp.

"J. LEVI & CO."

The evidence here set forth presents substantially the defendants' case. In the Justice's Court a verdict was rendered in favor of the plaintiff for the sum of thirteen dollars, and from the judgment entered thereon the plaintiff appealed to the County Court; the County Court affirmed the judgment of the Justice's Court; this I think was error.

The contract of sale was an executory one. (*Reed* v. *Randall,* 29 N. Y. 358–361; *Coplay Iron Co.* v. *Pope,* 108 id. 232.)

There was no warranty. The defendants' only claim is that they stated that the bananas were to be in good condition when they reached Schenectady; if they were not good merchantable bananas, that they were to be the plaintiff's, and not the defendants'. (See evidence, *supra.*)

This language is no more than the law implies in all sales, and if the purchaser desires anything more than the law implies in every contract of sale he must specifically contract for it. (Benj. on Sales [2d Am. ed.], § 600; *Peck* v. *Armstrong,* 38 Barb. 215; *Reed* v. *Randall,* 29 N. Y. 358–362; *Gaylord Manufacturing Co.* v. *Allen,* 53 id. 515; *Dutchess Company* v. *Harding,* 49 id. 321; *Gentilli* v. *Starace,* 133 id. 140.)

If one purchasing property without a warranty is satisfied that the property when received by him does not comply with the terms of sale, he must notify the vendor promptly and offer to return it, and if, after opportunity to ascertain any defects in the property, he does not promptly notify the vendor or offer to return it he will be deemed to have accepted the property. (*Reed* v. *Randall,* 29 N. Y. 358, 362, 363; *Delafield* v. *De Grauw,* 3 Keyes, 467; *McCormick* v. *Sarson,* 45 N. Y. 265; *Gurney* v. *Atlantic & G. W. R. Co.,* 58 id. 358–364; *Brown* v. *Foster,* 108 id. 387;

*Fairbank Canning Co.* v. *Metzger*, 118 id. 260 ; *Mason* v. *Smith*, 130 id. 474.)

In this case the defendants, after receiving the fruit, proceeded to exercise ownership over it by selling it. It is claimed that they gave notice to the plaintiff by the letter above set forth. The terms of the letter do not import a rejection or offer to return.

A complaining letter does not amount to a rejection or offer to return. (*Mason* v. *Smith*, 130 N. Y. 480.) But assuming it to have been intended as a notice of rejection, then it seems to me that it was not made in time. Such notice should be given promptly, and what would perhaps be considered a reasonable compliance with the rule under some circumstances would not under others.

Here the parties are dealing with a perishable article, fruit ; the complaint is that it is overripe, and yet the defendants say nothing in regard to it until they have had it five days ; they receive it on the fourteenth, write the letter referred to on the nineteenth, which is received by the plaintiff on the twenty-first. This, under the circumstances, was too long a delay, and is very far from the promptness which the law requires from one seeking to disavow a purchase.

The question is presented as to whether this court has the power to grant a new trial. The case comes before us on an appeal from a judgment of the Justice's Court, the appeal having been taken in the first instance from such court to the County Court and from the County Court here. Appeals from Justices' Courts are governed by articles 1, 2 and 3 of title 8, chapter 19, of the Code of Civil Procedure. Article 2 provides for appeals where a new trial is not had and is not asked for in the appellate court; article 3 applies to appeals for a new trial in the appellate court.

The appeal before us is one where a new trial is not asked for in the appellate court, and, therefore, comes under article 2. Section 3063 provides for the judgment which may be rendered on such appeal ; it reads : " That the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits. It may affirm or reverse the judgment of the justice, in whole or in part, and as to any or all of the parties and for errors of law or of fact."

This appears to me to be a limitation upon the powers of the appellate court. The General Term, it seems to me, has no more

power in this respect than has the County Court, to which appeals from justice's judgments are taken in the first instance. If a County Court upon appeal cannot grant a new trial, the General Term, when a case comes to it from a County Court, cannot do so.

Reliance·is placed upon the case of *Hathaway* v. *Fitchburg R. R. Co.* (49 N. Y. St. Repr. 466), as an authority that this court can grant a new trial. In that case no discussion of the question was had as it was assumed without investigation that section 1317 of the Code authorized the court to grant a new trial, and that assumption was acquiesced in. Section 1317 is a part of chapter 12 of the Code of Civil Procedure, and applies to appeals taken from courts of record, and it has been held has no application to appeals from justice's judgments. (*Ryan* v. *Parr*, 40 N. Y. St. Repr. 946; *Bonnett* v. *Townsend*, 43 id. 98.)

It seems to me, therefore, that in the case of appeals that are not for a new trial from Justice's Court judgments, this court has no power to grant a new trial.

Let, therefore, the judgment herein be reversed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, with costs.