## HENRY BLAKEMAN *v.* WILLIAM MACKAY.

A distinct assertion of the quality of a chattel, made by the owner during a negotiation for its sale, which it may be supposed was intended to cause the sale, and was operative in causing it, is sufficient to constitute a warranty.

Whether the words used amount to a warranty or not, is a question of fact, and the finding of a justice upon the question will not be reviewed by this court, if there is any evidence to support it. So held in an action for breach·of warranty of the soundness of oysters, the defendant's declaration being that "he cut holes in the ice and took them out fresh; that they were good, and in good order."

Various cases upon the question, What is sufficient to constitute a warranty? collated.

A defendant cannot avail himself of the defence, that he acted as agent in making the representation or warranty sued upon, unless he disclosed the fact of his agency at the time of the transaction out of which the suit arises.

APPEAL by defendant from .a judgment of the Fifth District Court. This action was brought to recover damages for a breach of warranty on the sale of oysters. The defendant, besides denying the warranty, claimed to have acted in the sale as agent for the firm of Mackay, Skidmore & Cook. Judgment was rendered for the plaintiff, from which the defendant appealed. The principal question was, whether the facts proved showed a warranty. The facts are sufficiently stated in the opinion of the court.

*Bromley and Bovee,* for the appellant. I. There is no evidence in this case to sustain an action as for a false representation; because there is no evidence that the defendant knew the falsity of his statement. *Perry* v. *Arnon,* 1 Johns. R. 129 ; *Leonard* v. *Vredenburgh,* 8 Johns. R. 25 ; *Bovers* v. *Craft,* 18 ibid. 4. II. An implied warranty does not extend to the soundness or quality of an. article, except in the case of provisions for *domestic use,* and not for *merchandise. Moses* v. *Mead,* 1 Denio, 378 ; S. C. 5 Denio, 617 ; and see *Dean* v. *Mason,* 4 Conn. R. 428 ; *Van Brachlin* v. *Fonda,* 12 Johns. R. 468. III. To constitute an express warranty, it must appear that the affirmation relied upon

was intended as a warranty. *Seixas* v. *Wood,* 2 Caines' R. 48; *Swett* v. *Colgate,* 20 Johns. R. 196; 2 Kent Com. 479; *Waring* v. *Mason,* 18 Wend. 443. IV. On a sale of chattels, where there is an opportunity for inspection, and no fraud in the seller, nor any express warranty, the rule of *caveat emptor* applies. *Waring* v. *Mason,* 18 Wend. 438; *Swett* v. *Colgate,* 20 Johns. R. 196; *Moses* v. *Mead,* 1 Denio, 378; S. C. 5 Denio, 617.

*F. Byrne,* for the respondent.

BRADY, J.—The proof in this case establishes a warranty of the soundness of the oysters. The respondent said, during the negotiation for the purchase, "If the oysters were not good he did not want them," to which the appellant answered, that " he cut holes in the ice, and took them out fresh ;" and the respondent then said he did not want them if they were not fresh. No principle is better established than that, to constitute a warranty, it is not necessary that express words of warranty should be used. *Chapman* v. *Murch,* 19 John. 290; *Swett* v. *Colgate,* 20 J. R. 203; *Oneida Man'g Society* v. *Lawrence,* 4 Cow. 440; *Roberts* v. *Morgan,* 2 Cow. 438; 1 Parsons on Contracts, 463, and cases cited; 1 Smith's Leading Cases, 264, 265. A distinct assertion, or affirmation of quality, made by the owner *during a negotiation* for the sale of a chattel, which it may be supposed was intended to cause the sale, and was operative in causing it, will be regarded as implying or constituting a warranty. Parsons, *supra,* 163.

And again, " Any affirmation of the quality or condition of the thing sold (not intended as matter of opinion or belief), made by the seller at the time of sale, for the purpose of assuring the buyer of the truth of the fact stated, and inducing him to make the purchase, if so received and relied on by the purchaser, is an express warranty. See cases cited to sustain this doctrine in note "*o*" in Parsons, *supra,* 463. And again the rule cited from Peake on Evidence, and approved in *Chapman* v. *Murch,* *supra,* is stated as follows : " In general, any representation made

by the defendant of the state of the thing sold, at the time of the sale, will amount to a warranty." But whether the words used amount to a warranty is a question of fact for the jury. *Duffee* v. *Mason*, 8 Cow. 25; *Whitney* v. *Sutton*, 11 Wend. 411. And the justice seems to have found in this case that they did. This finding cannot be disturbed. It is sustained by the evidence and the law. The respondent did not want the oysters if they were not good and fresh; and the appellant said "he cut holes in the ice, and took them out fresh." He said, also, that "they *were good, and in good order.*" These statements were direct affirmations of their soundness, and operated to induce their purchase. It was what the respondent wished, and being thus assured, bought at once. It would seem, also, that he had, on a former occasion, made a purchase of oysters that did not suit him, and stated that he did not want the lot then under consideration if they were like the last, and was assured that they were not. The finding that these circumstances, with the statements of the appellant already mentioned, amounted to a direct affirmation of their soundness, is a conclusion not to be resisted.

It is said, by the appellant, that there is no evidence identifying the article sold by him to the respondent as the article alleged to be bad. This is not the fact. The witness Sullivan testified that some were sent away, the same day on which the purchase was made, to different oyster saloons, and some within an hour, and that they were discovered to be bad the next morning. Reed, the cartman, testified that he took some of them to customers, and the next morning, when he went with others, the customers "ordered him to take them back, they being bad." Then follows the testimony of several customers, who testified that they received a bad lot of oysters about the time of the alleged purchase and delivery by Reed. No other bad oysters appear to have been received by them about that, or at any other time. It also appears, from Sullivan's testimony, that most of the oysters were spoiled. Therefore it cannot be denied that there was some testimony on the subject of identity; and when there is testimony even of so doubtful a character as to justify a

finding either way, the judgment of the justice, or the verdict of a jury, is conclusive, unless clearly against the weight of evidence. I think that, both as to identity and quality, there is nothing to warrant us in disturbing the finding of the court below.

In reference to the alleged agency of the appellant, it is sufficient to say that he dealt with the respondent as a principal, and not having disclosed his agency, the action was well brought against him.

Judgment affirmed.