MATTHEW F. NORTON, Respondent, *v.* BERNARD DREYFUSS, Appellant.

In an action to recover the purchase-price of goods manufactured for and delivered to defendant, the defense was that the goods were not such as the contract called for. The evidence on trial was conflicting as to the terms of the contract, the quality of the goods and their fitness for the use intended, and as to whether they corresponded with those ordered. It appeared that plaintiff manufactured and delivered goods in quantity corresponding with the order; that, some faults in their quality having been alleged, he received them back and attempted to remedy the alleged defects and finally redelivered the whole quantity to defendant; that defendant still claimed that they did not correspond with the articles plaintiff contracted to make, and when the latter demanded payment refused, and that thereupon plaintiff demanded a return of the goods, to which defendant replied that he would not give them up, as he wished to consult counsel as to his right to keep them for reimbursement of damages. The trial court thereupon ordered judgment for plaintiff, holding that the refusal to return the goods amounted to an acceptance under the contract. *Held*, error; that the question was one of fact for the jury.

The acceptance by a vendee of articles manufactured for him under an executory contract, after an opportunity to examine, precludes him from raising any objection as to defects which were visible and capable of discovery on inspection, unless there was a warranty of quality which was intended to survive acceptance.

Where there is such a warranty the vendee may receive and retain the goods and recoup or recover damages for any breach of the warranty, or he may return the goods and plead a rescission of the contract as a defense to an action for their price.

*It seems,* however, the purchaser may not in the same action sustain a claim of a return of the goods and rescission of the contract, and also for damages for breach of the warranty.

*Norton* v. *Dreyfuss* (19 J. & S. 491) reversed.

(Argued May 5, 1887 ; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 30, 1885, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court and affirming an order denying a motion for a new trial. (Reported below 19 J. & S. 491.)

The nature of the action and the material facts are stated in the opinion.

*John Frankenheimer* for appellant. It was a question for the jury whether, under all the circumstances of the case, the buyer's conduct was to be interpreted as a ratification of the bargain. (Story on Sales [4th ed.], § 405 ; 2 Smith L. C. [7th Am. ed.], 36, star paging 33, note to *Cutter* v. *Powell.*) In an executory contract for the manufacture of goods with express warranty, the vendee is not bound to return the goods on discovery of a breach of the warranty, but may retain and use the articles, and rely on the warranty. (*Brigg* v. *Hilton,* 99 N. Y. 517 ; *Bach* v. *Levy,* 101 id. 511 ; *Kent* v *Friedman,* id. 616 ; *Connor* v. *Dempsey,* 49 id. 665 ; *Whitehead Man'fg. Co.* v. *Ryder,* 139 Mass. 366 ; *Richardson* v. *Grandy,* 49 Vt. 22, 25 ; *Murray* v. *Smith,* 4 Daly, 277.) As no special form of words is necessary to create a warranty, it was at least a question of fact for the jury, whether what passed between the parties amounted to one. (*Duffie* v. *Mason,* 8 Cow. 26 ; *Murray* v. *Smith,* 4 Daly, 277 ; *Whitney* v. *Sutton,* 10 Wend. 413 ; 2 Benj. on Sales [Corbin's ed.], 811, 813, § 932, note 7.) In case of breach of express warranty the buyer may wait until he is sued for the purchase-money, and then take advantage of the breach ; not as a technical set-off, but as proof

of failure of consideration and in mitigation of damages. (1 Smith L. C. [7th Am. ed.], 275 star paging ; *McAllister* v. *Real*, 4 Wend. 489 ; *S. C.*, 8 id. 109 ; *Judd* v. *Dennison*, 10 id. 513 ; *Mondel* v. *Steele*, 8 M. & W. 858.) The mere refusal to surrender the dies on demand until defendant could obtain the advice of his counsel, was not, as matter of law, an acceptance of the dies as satisfactory, in the face of defend ant's absolute rejection of the same as unsatisfactory and wholly worthless. (*Duplex S. B. Co.* v. *Gardner*, 101 N. Y. 387 ; *Gray* v. *Cent. R. R. Co.*, 11 Hun, 70 ; *Tyler* v. *Ames*, 6 Lans. 280 ; *Spring* v. *Am. Clock Co.*, 24 Hun, 175, 176 ; *Grant* v. *Burch*, 26 id. 376 ; *Brown* v. *Foster*, 113 Mass. 136.) The plaintiff, by demanding a return of the goods himself, rescinded the sale. (*Thornton* v. *Wynn*, 12 Wheat. 193 ; *Long* v. *Preston*, 2 M. & P. 262 ; *Healey* v. *Utley*, 1 Cow. 345 ; 2 Pars. on Cont. 677, 678 ; *Fullager* v. *Reville*, 3 Hun, 600 ; *Morris* v. *Rexford*, 18 N. Y. 552 ; *Kinney* v. *Kirnan*, 49 id. 164 ; *Mondel* v. *Steele*, 8 M. & W. 858, 871 ; *Baston* v. *Butler*, 7 East 479 ; Story on Sales [4th ed.], § 408 ; 2 Schouler Pers. Prop. 61 ; *Bliss* v. *Locke*, 9 Daly, 526.)

*Edward S. Hatch* for respondent. The defendant's only relief in this case was by a counter-claim for damages because of a breach of warranty, expressed or implied (*Day* v *Poole*, 52 N. Y. 416 ; *McCormick* v. *P. C. R. R Co.*, 99 id. 65 ; *Boyce* v. *Brockway*, 31 id. 490.) The defendant was only entitled to nominal damages because of any breach of warranty on the part of the plaintiff. (*Hughes* v. *Ferguson*, 23 W. Dig. 185 ; *J. J. Case. T. Mach. Co.* v. *Haven*, 31 A. L. J. 417 ; *Brigg* v. *Hilton*, 99 N. Y. 517.) There was no issue of fact alleged in the complaint for the trial judge to leave to the jury. (*Beck* v. *Sheldon*, 48 N. Y. 365 ; *Griffin* v. *Colver*, 16 id. 489 ; *Cassidy* v. *Le Fevre*, 45 id. 562.) The complaint in this case contained a cause of action sufficient to base the verdict directed by the trial judge. (*Dounce* v. *Dow*, 64 N. Y. 141 ; *Higgins* v. *Newton*, 66 id. 604 ; *Du Bois* v. *D. & H. C. Co.*, 4 Wend. 285 ; *Woodward* v. *Fuller*, 80 N. Y. 312.)

*Per Curiam.* The plaintiff brings this action to recover the contract price for manufacturing and delivering certain dies and frames for the defendant. The answer was that the goods were not such as the contract required, and also set up a counter-claim.

The evidence given upon the trial differed very much as to the terms and conditions of the contract, the time for its performance, the quality of the articles manufactured, their fitness for the purposes intended, and as to whether the goods delivered, corresponded with the articles ordered by the defendant. It was conceded that the plaintiff manufactured and delivered goods, in quantity and number corresponding with those required by his contract, and that some faults in their character and quality, were alleged by the defendant to exist, when tendered in performance of the contract. It was also proved that the plaintiff received the articles back on several occasions, and attempted to remedy the alleged defects, and finally redelivered the whole quantity to the defendant. It was then still alleged by the defendant that they did not correspond with the articles which the plaintiff contracted to make for him. Three or four days after this time the plaintiff called upon the defendant for the payment of the amount claimed by him to be due upon the contract, which was refused by the defendant. The plaintiff thereupon demanded the return of the goods, and the defendant replied in substance that he would not then give them up as he wished to consult counsel as to his right to keep them, for reimbursement of the damages which he alleged he had sustained, by reason of the plaintiff's failure to perform his contract.

The evidence as to what was said by the defendant at the time of the demand was somewhat contradictory, but we believe the above statement expresses the meaning substantially of the defendant's version of the transaction. The defendant gave no evidence as to the damages claimed to have been sustained by him on account of the alleged breach of contract.

Upon this case, aside from some immaterial circumstances,

which do not affect the question of law presented, the trial court ordered judgment for the plaintiff for the amount of his claim, holding that the refusal of the defendant to return the goods, when requested, amounted to an acceptance of them upon the contract. The defendant excepted to this direction. He also requested to be allowed to go to the jury on " the question of fact involved in the case, upon the whole evidence, whether the defendant did accept the frame dies or the medallions as in compliance with the order as given by him," and also upon the further question " whether the defendant did absolutely refuse to return the frame dies or the medallions, or whether it was a qualified refusal." Both of the requests were denied by the court and the defendant excepted.

We are inclined to think the trial court erred in these decisions, and that the case should have been left to the jury to determine as a question of fact upon the requests made by the defendant. It is now quite well settled that the acceptance by the vendee of articles manufactured for him under an executory contract, after an opportunity to examine them, precludes him from raising any question as to defects or imperfections which were visible and capable of discovery on inspection, unless there is a warranty of their quality which was intended to survive their acceptance, and give the vendee further time for trial and examination. When there is such a warranty the vendee may still retain the goods, and when action is brought for their price, recoup such damages as he can show he has suffered by reason of the defective or inferior character of the goods delivered. He may also, in such an action, recover damages for a breach of contract on the part of the vendor in respect to the time of its performance, if he can prove that he has suffered loss therefrom.

But these propositions do not seem to us to dispose of the case. When one party has the property of another in his possession, and refuses to surrender it upon demand, a jury is authorized to infer from these facts a conversion of the property; but such evidence raises a question of fact alone, and cannot be determined as a question of law. We think

this case is analogous to the question arising in an action of trover. Here two courses were open to the defendant to adopt in case he was dissatisfied with the performance of the contract by the plaintiff, and was satisfied that he had a warranty of the goods, which would survive their acceptance. He could return the goods, and plead the rescission of the contract as a defense to the action for their price, or he could keep the property, relying upon his warranty to recover such damages as he could show he had suffered by its breach as a counter-claim to the plaintiff's action for their price.

These defenses are, however, inconsistent with each other and cannot both·be sustained in the same action. In case of a return of the goods and proof of their defective character, or a valid offer to rescind the contract, he makes out a defense to the claim to recover their price. If he retains the goods, however, and attempts to recoup his damages for a breach of warranty, he may, provided he claims an affirmative judgment in his answer, not only defeat any recovery, but recover judgment for the entire amount of damages shown by his proofs, although it exceeds the plaintiff's claim.

It is quite uncertain on the pleadings and evidence in the case what line the defendant really attempted to adopt, for the evidence was about as applicable to one theory as the other. While he admitted that he had declined to ·give up the goods, he strenuously insisted that he had always refused to accept them, and while denying that· he ever became liable for their price, he claims that he was entitled to damages for the plaintiff's non-performance of his contract. Under these circumstances, we think it was a question for the jury to determine whether the defendant's refusal to give up the goods was an election to accept them or simply a tentative proceeding to give him further time for examination and trial, or whether it was the expression of a determination to keep them and rely upon the damages which he might be able to prove, arising from the alleged breach of warranty as to their quality, and the non-performance of the contract in other respects by the plaintiff.

By the direction of a verdict the defendant was deprived of the right, of going to the jury on the question of the worthlessness of the goods as a performance of the contract. The evidence upon this question was quite contradictory and the jury might well have found either way upon the question. If they had found that the goods were utterly valueless to the defendant he would then have made out a defense and was entitled to a verdict at their hands. If they had found, however, that the refusal of the defendant to redeliver them was intended as an acceptance, or that the goods delivered were substantially the same as those ordered and his refusal to return was dictated by an intention to evade the payment of the contract-price after discovery, that they were not adapted to his purpose, the jury would have been justified in giving a verdict for the price. But the question as to whether such a demand and refusal, under all the circumstances of the case, was the equivalent of an acceptance of the goods under the contract, was a question for the jury to determine and could not be decided as a question of law.

We are, therefore, of the opinion that the judgments of the courts below should be reversed, and a new trial ordered, with costs to abide the event.

All concur, except RUGER, Ch. J., and EARL, J., not voting.

Judgments reversed, and a new trial ordered, costs to abide the event.