## SPEDDING *v.* TOWNSEND *et al.*

*(City Court of New York, General Term.  November 23, 1888.)*

SALE—ACTION FOR PRICE—COUNTER-CLAIM—BREACH OF WARRANTY—WAIVER.
    A counter-claim for breach of warranty of coal is not waived by the purchaser's retaining and using the coal without notice to the seller, and acquiescence by him.[1]

Appeal from trial term.

Action on note by Joseph Spedding against Edwin N. Townsend and others. Defendants appeal from judgment for plaintiff, and from order denying motion for new trial.

Argued before BROWNE, EHRLICH, and PITSHKE, JJ.

*Geo. W. McAdam,* for appellants.   *Charles H. Liscomb,* for respondent.

BROWNE, J. The plaintiff's counsel requested the court to charge the jury as follows: "That if the defendants retained the coal, used it in their business without notice to and acquiescence of plaintiff, they cannot maintain their counter-claim, and plaintiff is entitled to recover the full amount." The court charged as requested, and the defendant took an exception. The action was on a note made by the defendants to the plaintiff's order. The consideration for the note was coal sold by plaintiff to the defendants. The defendants in their answer allege that, when they purchased the coal from the plaintiff's agents, there was a warranty as to quality; that payment should not be made until they had an opportunity to test the quality; that before

---

[1] That a purchaser of chattels may recover or recoup damages for breach of warranty, without returning or offering to return the property, see Shupe v. Collender, (Conn.) 15 Atl. Rep. 405, and note; Holloway v. Jacoby, (Pa.) Id. 487, and note.

such test, upon plaintiff's application, and upon renewal of the contract of warranty, the note was given. Evidence was offered and received by the court in support of this issue on the warranty; and the learned judge, in instructing the jury, stated, in substance: "That if they believed the testimony offered in support of the representation as to the quality, and that if they believe that it was not of the quality represented, the defense was established."

The effect of these instructions was destroyed by compliance with the request stated above. If there was a warranty, the defendants had an absolute right to retain and use the coal, and offset the damages sustained by reason of breach of the warranty in an action brought to recover the price. *Norton* v. *Dreyfuss*, 106 N. Y. 90, 12 N. E. Rep. 428. There appeared to be an impression existing upon the trial that, unless the defendants expressed their dissatisfaction with the performance of the contract of sale by a return of the goods, and a rescission of the contract, it was a waiver of any claim for damage, because of a breach of the warranty, and that the retention and use of the coal without notice to the plaintiff was such an acceptance as would support the proposition above stated. This would be a defense inconsistent with the defense set up, *i. e.*, that a warranty survived the acceptance of goods. The charge, as made by the learned justice, left no alternative to the jury. Under it there could be but one result, *i. e.*, a verdict for the plaintiff; for the reason that it was not claimed by the defendants that they offered to return the coal, or notified the plaintiff of its use, or that the plaintiff acquiesced therein. If such facts were proven, they would tend to establish a rescission of the contract of sale. As above stated, it would be inconsistent with the defense set up. It would also have been improper to receive evidence in support of such proposition, if offered. That the instruction did have an effect upon the jury is evidenced by the fact that one of the jurors inquired from the judge whether notice to the agent of the poor quality of the coal was tantamount to notice to the plaintiff. The judge, in reply, stated that it would, provided the person notified continued to be the agent of the plaintiff. The request, as charged, seriously affected the defendants' rights, and the verdict rendered upon the submission should be reversed. The judgment and order will be reversed, a new trial ordered, with costs to abide event.

EHRLICH and PITSHKE, JJ., concur.