SHEPARD v. RICE.

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

1. LIENS—FOR STORAGE CHARGES.

 Where plaintiff agrees to purchase goods of defendant, and delivers to him other goods to be applied to the price, and the agreement is afterwards rescinded by mutual consent, defendant is not entitled to a lien for storage.

2. SAME—AGREEMENT FOR.

 The declaration of plaintiff's agent, in response to the claim for storage, that he would pay "what was right," did not indicate an intention that defendant should have a right of detention until payment of the storage charges.

 Appeal from eleventh district court.

 An action for conversion by Eugene P. Shepard against George H. Rice. Defendant recovered judgment, from which plaintiff appeals.

 Argued before BOOKSTAVER and BISCHOFF, JJ.

 *A. Lamont,* for appellant. *Theall & Beall,* for respondent.

BISCHOFF, J. Plaintiff was engaged in business in the city of New York as a wood-worker and manufacturer of money drawers, such business being conducted by Charles C. Shepard, his agent and father. About October 17, 1888, plaintiff, by his agent, agreed to purchase certain desks of the defendant, also a wood-worker, and delivered to the latter about 200 money drawers, of the value of $62, under the agreement that the same were to be applied towards the payment of the purchase price for the desks. Upon delivery of the desks, defendant refused to accept the money drawers, claiming that the same were not as represented. Plaintiff thereupon paid for the desks, and demanded return of the money drawers. Such return was refused by defendant, who claimed a right to detain the money drawers until payment to him of a claim for storage thereof. Thereupon plaintiff brought suit for conversion against the defendant in the eleventh district court, which resulted in a judgment in favor of the defendant dismissing the complaint, from which plaintiff has appealed to this court. Upon the trial the only witness examined was Charles C. Shepard, and his testimony sufficiently established his agency for the plaintiff, the delivery of the money drawers to the defendant under the agreement above stated, the rescission of such agreement, the ownership of the money drawers in the plaintiff, the value thereof, and the demand for return and refusal prior to the commencement of the action. Proof of an agreement between the parties that the defendant should have a lien on the money drawers in question is entirely wanting, and the trial justice, therefore, erred in dismissing the complaint. A lien or right to detain chattels until payment of certain charges can exist only at common law, by statutory provision, usage, or express agreement between the parties. *Alt* v. *Weidenberg,* 6 Bosw. 178; *Grinnell* v. *Cook,* 3 Hill, 491, 492. At common law such lien was never extended to the case of a mere vendee, and the evidence upon which the present appeal is to be determined shows neither usage nor an express agreement in defendant's favor. Neither is there any statute by which the right of lien claimed in the present case is conferred.

 The declaration of plaintiff's agent at the time of the first demand for the return of the money drawers, and in response to the defendant's claim for storage, that he would pay "what was right," does not indicate an intention that defendant should have a right of detention until the payment of such storage charges. If that declaration subjects the plaintiff to liability for storage, the defendant must be remitted to his ordinary remedy to recover the amount in an action at law. It was therefore the duty of the defendant, when the agreement to accept the money drawers in part payment for the desks was rescinded by mutual consent, to return the same upon demand, and his refusal

so to do subjects him to liability for conversions. *Norton* v. *Dreyfuss*, 106 N. Y. 90, 12 N. E. Rep. 428. The judgment appealed from should be reversed, with costs, and a new trial ordered.