(9 Misc. Rep. 462.)

### AMERICAN WRITING MACH. CO. v. BUSHNELL.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

1. SALE—RESCISSION BY BUYER.

Where the seller of a machine calls the attention of the buyer to the number stamped on it, which implies that it was of a late manufacture, and therefore embodied valuable late improvements, and it appears that the number had been changed, there is a false representation as to a material matter not obvious to the buyer, for which he may rescind the contract.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.

A finding based on evidence which was admitted without objection will not be disturbed on the ground that such evidence was not the best.

Appeal from first district court.

Action by the American Writing Machine Company against Elbert E. Bushnell for goods sold and delivered. A judgment in favor of defendant was rendered by the justice without a jury, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Charles C. Miller, for appellant.

L. M. Simpson, for respondent.

BISCHOFF, J. No exceptions to rulings upon the trial were taken by appellant, and the argument for a reversal is based entirely upon the facts. The sole issue was as to whether or not there had been a breach of warranty upon the sale of the typewriting machine in question to the defendant, and the justice's finding that there was such a breach is to be supported upon the evidence. The sale and delivery of the goods were admitted, and it was upon the affirmative defense noted that trial was had. It appears that in the course of bargaining, after defendant had refused to purchase at the price set by plaintiff, attention was called by the latter's agent to the fact that the machine was of a certain numerical designation, which imported to the trade and to those parties who were versed in matters pertaining to the construction of typewriting machines a greater value to the machine than would a lesser figure, and this because the machines numbered the higher were the later manufacture, and therefore embodied certain valuable improvements of recent date. Defendant thereupon completed

the purchase. From the evidence given by defendant it appears that the machine was not as represented in this regard, being in fact of an early date of manufacture, and bearing a number which had been altered. That the representation as to this question of trade designation was material in inducing the sale, and that it was in fact erroneous, appears from the evidence received, and the judgment finds ample support upon the record. There is no force in the contention that the evidence given with reference to the falsity of the representation was not the best evidence, because dealing merely with the construction of the machine, and not expressly with the alteration of the number. This evidence having been received without objection is to be considered in determining the issues. Crane v. Powell, 139 N. Y. 379, 384, 34 N. E. 911. The effect of this evidence was to establish the fact that in purchasing the defendant had been misled by a material representation, the falsity of which was, according to the testimony, by no means obvious to the purchaser, and which was of a nature entitling the defendant to rescind the sale upon his discovery of the true state of facts. There is no question to be raised as to the diligence with which defendant acted in electing to rescind. No particular words are required to constitute a warranty of quality. Any distinct assertion in that regard made by the seller as an inducement to purchase, and relied on by the buyer, may be relied on as a ground for finding such a warranty. Hawkins v. Pemberton, 51 N. Y. 198; Wilbur v. Cartwright, 44 Barb. 536; Warren v. Van Pelt, 4 E. D. Smith, 202; Blakeman v. Mackay, 1 Hilt. 266; Chapman v. Murch, 19 Johns. 290. Whether or not the words used are to be viewed as a warranty is a question of fact (Blakeman v. Mackay, supra; Rogers v. Ackerman, 22 Barb. 134; Whitney v. Sutton, 10 Wend. 412); and that for a breach of the warranty the purchaser may avoid liability for the price by rescission of the sale and return of the goods is clear beyond dispute (Norton v. Dreyfuss, 106 N. Y. 90, 12 N. E. 428). We are well content to support the justice's finding upon the evidence. Judgment affirmed, with costs.