(51 Misc. Rep. 627.)

### P. H. & F. M. ROOTS CO. v. NEW YORK FOUNDRY CO.

(Supreme Court, Appellate Term. November 14, 1906.)

SALES—REMEDIES OF BUYER—BREACH OF WARRANTY.

In an action on a note for the price of goods, where the defendant sets up breach of an express warranty as a defense, but not as a counterclaim, he must show a rescission of the contract, by showing the return or offer to return the goods.

Appeal from City Court of New York, Trial Term.

Action by the P. H. & F. M. Roots Company against the New York Foundry Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Burke & Fay (Daniel Burke, of counsel), for appellant.

John L. Walsh (George B. Hayes, of counsel), for respondent.

GILDERSLEEVE, J. The plaintiff brought this action to recover upon a promissory note made by the defendant, the making, execution, and nonpayment of which was conceded upon the trial. The defense thereto was that the note was given for a machine used in foundry work and called a "blower," and that said blower was warranted to be so constructed that it could be run by the power of a No. 38 horse power De La Vergne oil engine, and that said blower "was not of the kind and character represented and warranted by this plaintiff." No counterclaim was set up, and it is clear that the defendant relied upon the breach of an express warranty solely as a defense to the cause of action set up in the complaint. In such a case the defendant must show a rescission of the contract, by showing that he has returned or offered to return the goods purchased by him. Norton v. Dreyfuss, 106 N. Y. 90, 95, 12 N. E. 428. Although the defendant did not plead such rescission, and it was shown that the blower was in the possession of the defendant and in use by him at the time of the trial, the president and manager testified, without objection, that at one time, after the blower had been in his possession for some time and after he had given the note for its purchase price, he had told the plaintiff's

representative "to take it out of my foundry," to which reply was made: "You leave it where it is. I will put a 5½ or 6 Roots blower in that will run your engine"—and also that "I have been ready at all times to return it." At the close of the judge's charge to the jury the plaintiff's attorney made this request:

"I ask your honor to charge the jury that under this pleading the defendant must prove an offer to return the blower, or the reasons for not doing so.
"The Court: I decline to so charge.
"(Exception.)"

This request should have been granted. The testimony as to an offer to return was very slight, and while perhaps sufficient to have warranted the jury in finding that such an offer had been made, nevertheless the effect of the refusal of the judge to charge that it was essential to a recovery by the defendant that such an offer should be proven was to nullify the evidence given upon that question and to permit the jury to find for defendant without such proof. It is therefore impossible for this court to say whether their verdict was based upon the evidence or upon the erroneous instruction given by the court.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.