HENRY KUPFER & CO. v. PELLMAN.

(Supreme Court, Appellate Term.   March 21, 1910.)

1. SALES (§ 126*)—RESCISSION OF CONTRACT—DELAY.
    Where a buyer, when he opened goods upon delivery and found them not to be according to sample, complained to the seller thereof, who sent three different representatives to examine the goods, and afterwards sent the buyer other goods for examination, which were returned as unsatisfactory, and then, about two weeks after the original delivery, the buyer notified the seller to take away the goods delivered, the delay in giving such notice was not unreasonable.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 126.*]

2. SALES (§ 73*)—CONSTRUCTION—SALE BY SAMPLE.
    That a sample was delivered to the buyer some months before a sale, and was then in his possession, did not make the sale not one by sample.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 188; Dec. Dig. § 73.*]

3. SALES (§ 116*)—RESCISSION—BREACH OF CONTRACT—SALE BY DESCRIPTION.
    Where goods delivered to a buyer are not those described by the seller in the contract of sale, rescission is the sole remedy.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 116.*]

4. SALES (§ 116*)—REMEDIES OF BUYER—RESCISSION—SALE BY SAMPLE.
    While a counterclaim for damages is the usual remedy for a breach of contract of sale by sample, the buyer may, at his option, rescind the contract.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 116.*]

5. SALES (§ 120*)—REMEDIES OF BUYER—RESCISSION—BREACH OF WARRANTY.
    A breach of an implied warranty in an executed sale authorizes rescission of the contract, if title has not passed.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 294; Dec. Dig. § 120.*]

6. SALES (§ 201*)—OPERATION—PASSING OF TITLE.
    Title does not pass to the seller until there is an accepted delivery, or an actual delivery of the goods sold.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 529-541; Dec. Dig. § 201.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Henry Kupfer & Co. against Samuel Pellman. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Leo G. Rosenblatt, for appellants.
Jacob Manheim, for respondent.

WHITNEY, J. In the month of April, 1907, defendant bought from the plaintiff as an experiment a half piece of a certain kind of cloth known as "caracul," and was claimed by the plaintiff to have ordered 15 pieces more. Defendant disputed this claim. According to the evidence which the jury believed, after some dispute he agreed upon a settlement by which he would take one-quarter of the goods upon plaintiff's terms, "but I told him distinctly it must be the very same goods as I had the sample piece from him in April." The plaintiff sent five pieces a day or two later. Defendant at once telephoned that he would not open the package until plaintiff sent for the extra piece. Plaintiff did so, and defendant then opened the goods, and found them not to be according to sample. Defendant complained, and plaintiff sent three different representatives to examine the goods, one after another. Plaintiff proposed to compromise by substituting other goods, which were sent up for examination. These goods were returned as unsatisfactory. Defendant thereupon notified plaintiff to send for the four pieces. This was about a fortnight after their delivery. The delay in giving formal notice was not unreasonable.

This action was brought for the price of the goods. Defendant in answer sets up that they were not according to sample, and that he refused and returned them. It is none the less a sale by sample that the sample was delivered some months before the sale, and was in the possession of the vendee, not of the vendor. Zabriskie v. Central Vermont R. R. Co., 131 N. Y. 72, 29 N. E. 1006. Plaintiff insists that there is no right of rescission upon a sale by sample, but that the goods must be accepted, and defendant left to his remedy by counterclaim for breach of warranty. Defendant relies on Waeber v. Talbot, 167 N. Y. 48, 60 N. E. 288, 82 Am. St. Rep. 712; but that is a case of sale by description, or, to speak more accurately, sale by appellation, not sale by sample, according to our New York nomenclature. There was no sample shown in that case, but the order was for "Talbot Extra Fine Peas, Sieve 23–24." There is no doubt that in this state rescission is the sole remedy when the goods delivered are not those described.

Our familiar remedy for breach of contract of sale by sample is a counterclaim for damages, whether the sale be executed or executory; but our courts do not seem to have distinctly held that there is no alternative remedy by rescission. They have always kept that question open, both as to executed and as to executory sales. See Muller v. Eno, 14 N. Y. 597, 601, 602; Day v. Pool, 52 N. Y. 416, 418, 419, 11 Am. Rep. 719; Brigg v. Hilton, 99 N. Y. 517, 527, 529, 3 N. E. 51, 52 Am. Rep. 63; Norton v. Dreyfuss, 106 N. Y. 90, 95, 12 N. E. 428; Fairbank Canning Co. v. Metzger, 118 N. Y. 260, 269, 23 N. E. 372, 16

Am. St. Rep. 753; Henry & Co. v. Talcott, 175 N. Y. 385, 389, 390, 67 N. E. 617. In Muller v. Eno, which was a case of executed sale, while doubting the right of rescission, Comstock, J., expressly waived the point. If there is a choice of remedies upon an executory sale by sample, as said so lately (although obiter) as the Henry Case, why should there not be a choice upon an executed sale also?

Upon principle, there should plainly be a right of rescission. A sale by sample is but one form of sale by description, as to which the right is conceded. "I will sell you Talbot Extra Fine Peas, Sieve 23–24," is but a paraphrase of "I will sell you such peas as those you examined," or "I will sell you peas like those you bought last year and have some still on hand of." "The sample is employed, instead of words, as a means of communication between the parties." Burdick on Sales, § 168. Or, putting it the other way, as said by Peters, C. J., in Morse v. Moore, 83 Me. 473, 22 Atl. 362, 13 L. R. A. 224, 23 Am. St. Rep. 783, a trade-name is but "an ideal or descriptive sample." See, also, Waeber v. Talbot, 43 App. Div. 184, 185, 59 N. Y. Supp. 396, and Hardt v. Western Electric Co., 84 App. Div. 249, 82 N. Y. Supp. 835. The identity of these two classes of sales is said by the latest text-writer to be recognized everywhere outside of the state of New York. Williston on Sales, § 250. Such distinction of treatment as there has been in this state has been the cause of much confusion, as it is often difficult to define to which class the goods belong, especially when they are contracted to be sold by sample, but with stated variations.

There should be a right of rescission, because a man who buys by sample buys a described article, and if he does not get it there is no delivery. Conversely, he has not agreed to take what he is asked to take. In the words of Lord Abinger, so often quoted, "if a man offers to buy peas of another, and he sends him beans, he does not perform his contract." Chanter v. Hopkins, 4 M. & W. 399, 404; Bowes v. Shand, L. R. 2 App. Cas. 455, 480; Benjamin on Sales, § 600. See, also, Azemar v. Casella, L. R. 2 C. P. 431; Id. 677. "He is not bound to accept a different article from that contracted for, and he is entitled to an opportunity for examination." Church, C. J., in Dutchess Company v. Harding, 49 N. Y. 321, 323. It has always been the general rule of law that there can be a rescission for so-called breach of implied warranty in an executed sale, if the title has not passed; and title does not pass until an accepted delivery, or a delivery of the goods actually sold.

Nor is there any objection in principle or policy to the allowance of alternative remedies to the buyer of goods sold by sample or description, when inferior goods are delivered. It may be that he will be ruined if he cannot take the inferior goods and make the best of them. In that case he should not be forced to waive damages by taking them. It may be, on the other hand, that he is in a position where he can do without them. In that case there is no reason why the seller should be allowed to profit by his own wrong by forcing the buyer to act practically as his agent for the disposal of the goods, taking his chances of the result of a future action or counterclaim for breach of warranty.

The fault is the seller's, and the buyer is fully protected only when he is given an alternative remedy.

The question being an open one, it is desirable that it should be settled in such way as to make the law of this state conform to the rest of the English-speaking world as far as possible. A right to rescind for breach of contract of sale by sample is not only general elsewhere, in the absence of statute, but it is the rule adopted by the sales act recently drawn up by the commissioners for uniform state laws, and which has already been enacted in a number of our states, including the adjoining states of Massachusetts, Connecticut, and New Jersey.

The judgment should be affirmed, with costs. All concur.