(71 Misc. Rep. 55.)

### ISAACS v. WANAMAKER.

(Supreme Court, Trial Term, Niagara County. January, 1911.)

1. SALES (§ 120*)—WARRANTY—RESCISSION.
    A buyer under an executed contract of sale, with warranty, cannot, on breach of the warranty, rescind the sale and return the goods, unless the article was worthless.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 294; Dec. Dig. § 120.*]

2. SALES (§ 287*)—WARRANTY—RETURN OF GOODS.
    If there is a contract to sell, instead of a bargain and sale, and a delivery pursuant to the contract, the buyer may return the goods for breach of warranty and recover back the purchase price.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 812; Dec. Dig. § 287.*]

3. SALES (§ 437*)—WARRANTY—PLEADING AND PROOF.
    Where a complaint alleges an executed sale with warranties, evidence showing an executory sale is a fatal variance.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1256; Dec. Dig. § 437.*]

4. SALES (§ 441*)—WARRANTY—RESCINDING SALE.
    In action for breach of warranty in the sale of an automobile, evidence *held* insufficient to support a verdict for the plaintiff based on total failure of consideration.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

Action by David Isaacs against John Wanamaker. There was a judgment for plaintiff, and defendant moves for a new trial. Motion granted.

A. T. Hopkins, for the motion.
Morris Cohn, Jr., opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

POUND, J.  It seems to be the law of New York and of this case that a buyer who has bought with a warranty may not return his purchase and rescind the sale upon warranty broken.  While the question has, in a way, been kept open by the Court of Appeals (Kupfer Co. v. Pellman, 67 Misc. Rep. 149, 151, 121 N. Y. Supp. 1081), the rule has often been so stated, and I fail to see any other theory on which the judgment herein was reversed in that court.  Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63; Fairbank Canning Co. v. Metzger, 118 N. Y. 260, 269, 23 N. E. 372, 16 Am. St. Rep. 753; Isaacs v. Wanamaker, 189 N. Y. 122, 81 N. E. 763.  While in many other jurisdictions a buyer who has bought with a warranty may rescind the sale upon warranty broken, and the proposed uniform sale of goods act gives this remedy.  Williston on Sales, §§ 603, 608.  Where the thing bought, when delivered, is perfectly worthless, the buyer may tender it back and recover the purchase money.  Stone v. Frost, 61 N. Y. 614.  And if there is a contract to sell, instead of a bargain and sale, and a delivery pursuant to the contract, the buyer may reject for breach of warranty and recover back the purchase price.  Voorhees v. Earl, 2 Hill, 288, 291, 38 Am. Dec. 588.  But even if the proofs in this case tended to show an executory contract to sell and deliver an automobile to be put into good repair and good running condition —which is doubtful—the complaint alleges an executed sale with warranties and representations as to the present condition of the automobile.

With the distinction above indicated in mind, there would be fatal variance between pleadings and proof, if the case were submitted on the theory of an executory sale.  The case was submitted to the jury on the theory of failure of consideration, and they found for the plaintiff.  The weight of evidence is with the defendant that there was no such total failure of consideration as to deprive him of the right to litigate damages.  In Alsing Co. v. New England Quartz Co., 66 App. Div. 473, 73 N. Y. Supp. 347, affirmed 174 N. Y. 536, 66 N. E. 1110, cited by plaintiff, the question of damages for breach of express warranty was litigated, and evidence was given that the machine was "useless and could not be set right by any system of repairs."  No such evidence was before the jury in this case, and the weight of evidence was that the automobile in suit could be set as right as it was when plaintiff bought it for no large amount, and then, while it would not, perhaps, be worth the purchase price, $1,200, it would have a substantial value as an automobile of the period of 1904.

Motion for new trial must be granted upon defendant's exceptions and on the ground that the verdict was contrary to the evidence and contrary to the law.  Costs to abide the event.

So ordered.