FRED D. OETJEN, Respondent, *v.* WHITEHEAD METAL PRODUCTS CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, January 28, 1926.

Sales — implied warranty — buyer not required to show that salesman had authority impliedly to warrant goods — statute (Pers. Prop. Law, § 96, subd. 1) makes implication available whenever evidence shows buyer had reason to and did rely on seller — damages — error to include cost of making test.

A buyer is not required to show that the salesman making the sale had been authorized by the seller impliedly to warrant the article, since the statute (Pers. Prop. Law, § 96, subd. 1) makes available the implication of an implied warranty whenever the circumstances of a sale are such as to indicate, as a fact, that the buyer had reason to rely upon the " skill or judgment " of the seller and did, in fact, rely thereon.

In an action brought upon common-law rescission of a contract of sale, it is error to include as an element of damage the cost plaintiff was put to in making a test of the goods purchased.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff, after trial by the court without a jury.

*Sullivan & Cromwell* [*William K. Laws* of counsel], for the appellant.

*Timothy J. Mahoney*, for the respondent.

PER CURIAM. We are of the opinion that the evidence amply authorized the finding made by the learned trial justice that the plaintiff relied upon the " skill or judgment " of the defendant seller. (Pers. Prop. Law, § 96, subd. 1, as added by Laws of 1911, chap. 571.) It was contended by the defendant that to avail of the

24

implication referred to in subdivision 1 it was incumbent upon the plaintiff to show that the salesman who made the sale had been authorized by the defendant impliedly to warrant. The contention is based upon what seems to us to be a misconception of the legislative purpose. The statute itself fastens the implication upon the transaction whenever the circumstances are such as to show, as matter of fact, that the buyer had reason to rely upon the judgment or skill of the seller, and that in fact he did so rely. As to the authority of an agent to bind his principal by implied warranties, see Williston on Sales (vol. 2 [2d ed.], § 445a); 2 Corpus Juris, 601; Mechem on Agency (vol. 1 [2d ed.], 883, and cases cited). As any express warranty found by the trial court to have been made was such as did " not negative " the implied warranty referred to (Pers. Prop. Law, § 96, subd. 6, as added by Laws of 1911, chap. 571), it is unnecessary to decide whether an express warranty was made, and we make no decision upon that subject. The action was, however, not brought for breach, but upon common-law rescission, and it was error to include in the damage award the cost to plaintiff of testing the metal. (*Norton* v. *Dreyfuss*, 106 N. Y. 90.)

Judgment modified by reducing it to $549.45, with interest from May 17, 1924, and costs, and as so modified affirmed, without costs of appeal to either party.

All concur; present, Guy, Bijur and Mullan, JJ.