CAROLINE F. CABELLA, Plaintiff, *v.* EMILE LOUIS CABELLA, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, July 16, 1931.

*Max D. Steuer* [*Louis A. Tepper* of counsel], for the plaintiff.

*Benjamin & Galton* [*Alexander D. Plaskow* of counsel], for the defendant.

SHALLECK, J. Plaintiff (wife) seeks to recover $200 from the defendant (husband) upon a note due June 1, 1931.

This is one of a series of monthly notes from July, 1929, to

July, 1932, received by plaintiff from defendant under an agreement, " the result of a compromise between the parties of conflicting claims as to their business," and other considerations including a separation. All prior notes had been paid by defendant. Defendant admits the allegations of the complaint and affirms the aforesaid contract.

In the Supreme Court the defendant as plaintiff is seeking to recover from the plaintiff as defendant damages for fraud, in that false representations were made by the wife in the making of said agreement. That action is now pending.

In the instant action the defendant sets up " As and for an affirmative defense, set off and counterclaim " a breach of warranty. The defendant does not seek an affirmative judgment but merely asks for a dismissal of the complaint.

It is well settled that breach of warranty may not be pleaded as a defense but only as a counterclaim. As the court stated in *Norton* v. *Dreyfuss* (106 N. Y. 90), if the defendant " attempts to recoup his damages for a breach of warranty, he may, *provided he claims an affirmative judgment in his answer*, not only defeat any recovery, but recover judgment for the entire amount of damages." (Italics mine.)

It is, therefore, needless to discuss the other points raised by the plaintiff in view of the above conclusions. The answer of the defendant is insufficient in law and must be stricken out.

Motion granted, with ten dollars costs. Five days' stay of execution.