James F. Mason et al., Respondents, *v.* George Y. Smith et al., Appellants.

A purchaser, receiving goods under an executory contract of sale, in order to preserve his right to rescind, must examine the goods within a reasonable time after receipt, and if they are found not to conform to the contract as to quality or kind, promptly rescind, either returning or offering to return the goods.

Defendants ordered from plaintiffs a quantity of gloves of a specified quality and price; the gloves were shipped and received by the defendants; they, about three weeks after such receipt, returned a portion of the gloves as defective, with a letter stating that they had examined every pair and were not satisfied with them and would like to return them all. Plaintiffs credited defendants with the gloves returned and wrote them stating they were at liberty to return all not satisfactory, in . exchange for which plaintiffs would send "A No. 1 goods." ‧ Defendants returned at different times the gloves unsold, with requests that plaintiffs would credit them with the amounts. Plaintiffs sent other perfect gloves for those returned, which defendants, without opening the box containing them, refused to receive, but caused them to be

returned to plaintiffs, who refused to receive them. In an action to recover the purchase-price, *held,* that as defendants after having, as shown by their first letter, examined all of the gloves, retained a portion, they must be deemed to have elected to retain them under the contract, and thereupon their right to rescind ended; that their expressions and dissatisfaction did not amount to a rescission, and the gloves subsequently returned were to be considered as having been so returned in accordance with plaintiffs' offer to replace them with other gloves, and this having been done, plaintiffs were entitled to recover.

(Argued December 17, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 26, 1889, which affirmed a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur R. Robertson* for appellants. The return of the gloves under the letters and bills accompanying them after the return and objections of October sixth, and the plaintiffs' admissions of October twenty-second in reply and plaintiffs' acceptance and retention of the gloves under those letters and bills are a complete defense to all of plaintiffs' claim that is disputed. (*Dent* v. *N. A. S. S. Co.,* 49 N. Y. 390; *Norton* v. *Dreyfuss,* 108 id. 90.) The severable lot of ladies' gloves not complying with the contract never having been, in point of fact, accepted by defendants, and so the title to them never having passed, the return was of itself a complete defense (even independently both of the letters and bills accompanying the returns, and of the acceptance of the returns under those letters and bills). (*Hatch* v. *O. Co.,* 100 U. S. 124; *Terry* v. *Wheeler,* 25 N. Y. 520; *Pierson* v. *Crooks,* 115 id. 539; *Gurney* v. *A. & G. W. R. Co.,* 58 id. 358.) The defective character of the gloves, their return for non-compliance with the contract and their acceptance back by plaintiffs constitute a complete defense as to the gloves in controversy. (*Norton* v. *Dreyfuss,* 106 N. Y. 90.) If, however, there could be any

doubt on the point that defendants were not liable for the gloves that had been sent them by "mistake," and that they had returned, then the case should have gone to the jury on the intentions of the parties as requested by the defendant's counsel. (*Norton* v. *Dreyfuss*, 106 N. Y. 90; *Gurney* v. *A. & G. W. Co.*, 58 id. 358; *Gautier* v. *D. M. Co.*, 13 Hun, 524; *Powell* v. *Powell*, 71 N. Y. 71; *Nat. Bank* v. *Dana*, 79 id. 112.) If a party moves for a nonsuit or for a verdict in his favor, and his motion is denied, he has the right to request the court to submit the facts of the case to the jury, and he stands in the same position, so far as a review of the denial of his request to the jury is concerned, as he would if no motion for a nonsuit or verdict in his favor had been made. (*Koehler* v. *Adler*, 78 N. Y. 287.) The evidence as to custom should have been retained. (*Newhall* v. *Appleton*, 114 N. Y. 140; *Clarke* v. *Baker*, 11 Metc. 186; 1 Smith's L. C. 418.)

*John M. Carroll* for respondents. Upon the delivery to and receipt by the defendants of the gloves ordered the title to them vested in the defendants subject only to the right of the defendants to rescind the contract in case the gloves were found not to conform to the order. (*Reed* v. *Randall*, 29 N. Y. 358; *C. I. Co.* v. *Pope*, 108 id. 232; *G. M. Co.* v. *Allen*, 53 id. 515; *Hargous* v. *Stone*, 5 id. 73; *McCormick* v. *Sarson*, 45 id. 265; *Brown* v. *Foster*, 108 id. 387; *Beck* v. *Sheldon*, 48 id. 365, 373.) A new and independent contract was made which was fully performed by the plaintiffs. No action could be maintained upon it by the defendants, even if it had been pleaded. (*Blanchard* v. *Trimm*, 38 N. Y. 225, 228; *Dent* v. *N. A. S. Co.*, 49 id. 390.) But if that contract be not regarded as an independent one, but as a mere modification of the original contract of sale, so as to allow the defendants to return the defective goods, and the plaintiffs to deliver in place thereof perfect ones, the same result follows; and the defendants having returned defective goods, are bound to accept and receive perfect goods sent to them in place thereof by the plaintiffs. They cannot accept the benefits of

the proposition and reject its burdens. (*Cassidy* v. *Lefevre*, 45 N. Y. 565; *Brown* v. *Foster*, 108 id. 387.) The court did not err in striking out the testimony of witness Shenehon in relation to custom in Kansas City. (*Higgins* v. *Moore*, 34 N. Y. 417; *Barnard* v. *Kellogg*, 10 Wall. 383; *C. E. Bank* v. *N. Bank*, 91 N. Y. 74; *S. Bank* v. *N. Bnnk*, 67 id. 458; *Bierne* v. *Dord*, 5 id. 95; *Thompson* v. *Ashton*, 14 Johns. 316; *Frith* v. *Barker*, 1 id. 327; *Harris* v. *Tunbridge*, 83 N. Y. 92.) The court did not err in permitting the plaintiffs to prove by witness Shenehon that the defendants had purchased similar gloves of Wertheimer & Co., and for a less price. (*D. S. B. Co.* v. *Gardner*, 101 N. Y. 387; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 id. 475.) The court did not err in denying the defendants' request, to go to the jury, generally as to the intention of the parties. (*Dent* v. *N. A. S. Co.*, 49 N. Y. 390.)

HAIGHT, J. This action was brought to recover the contract price for gloves sold.

The plaintiffs are manufacturers and importers of gloves at Johnstown, N. Y.

The defendants are retail sellers of gloves and other dry goods in Kansas City, Mo.

On the 8th day of April, 1887, the defendants ordered from the plaintiffs a quantity of gloves of a specified quality and price, thereafter to be imported and delivered. On the 31st day of August, 1887, the gloves were shipped, and received by the defendants on September seventeenth thereafter. The defendants carefully examined every pair of gloves so received, and finding some of them defective, on the 6th day of October, 1887, returned 2½ dozen to the plaintiffs with the following letter:

"GENTLEMEN. — We return to you to-day, U. S. Ex., kid gloves, as per enclosed bill. You will find on examination that they are not perfect, and for this we will ask you to kindly credit our account with amount.

"We have, at this late date, examined every pair of this

glove, and are not at all satisfied with them. Would much rather return same to you than to place them on sale, as they do not open up as we think they should. We should prefer not to accept these even at a 10 per cent allowance.

"Should have advised you at an earlier date, but could not make proper examination sooner. Awaiting your reply, we remain,                    Yours resp.,

"G. Y. SMITH & CO.

"T. C. S."

The plaintiffs credited the defendants with the price of the gloves returned, and on October twenty-second wrote the defendants acknowledging the receipt of the goods, and that the gloves were not of the quality that they should be, and concluded as follows:

"You are at liberty to examine our goods, pick out the seconds, and all the goods (leaving the matter to your judgment and idea of what is fair) which are not satisfactory you may return, and we will be glad to send you in exchange A No. 1 goods. We wish to do what is right in this matter, and trust that in the above proposition you will find proof of the fact.

"Hoping this will meet your approval, and awaiting returns, we are,                    Yours, very truly,

"MASON, CAMPBELL & CO."

After the receipt of this letter the defendants, on the 26th. of October, 1887, returned 37 7-12 dozen gloves, with the following letter:

"Gentlemen.—Your favor of the twenty-second inst. received and contents carefully noted. After making another thorough examination of the kid gloves in question, we have decided to return them. This we do to-day by U. S. Ex. We enclose bill, and ask you to please credit us with the amount.                    Yours truly,

"G. Y. SMITH & CO.

"T. C. S."

On October 28, 1887, the defendants returned another quantity of gloves, with the following:

" GENTLEMEN.—We return to you to-day, U. S. Ex., No. 864, 2 7-12 doz. men's gloves.  These goods are worse than the worst of seconds, and are such that we cannot use.

"In ordering, we gave our order for first quality of goods, not seconds, as sent.

" With these return the ladies black piques, and will ask you to kindly credit both lots.   We do this very reluctantly, but are compelled to do so in order to protect. both our customers and ourselves.      `Yours resp.,

              " G. Y. SMITH & CO.

                        " T. C. S."

On November 3, 1887, the defendants returned the balance of the gloves remaining unsold, with the following :

" GENTLEMEN-—By to-day's exp. we return to you the No. 946 kid gloves.   We have kept these until now, thinking that we could possibly dispose of them, but we find that they are so entirely unsatisfactory that we think it best to return them now.

" We think that you will plainly see that we are justified in doing this.   We hope that you will have no hesitancy in crediting them.   Please do so, and greatly oblige,

              " Yours truly,

      .         " G. Y. SMITH & CO.

                        " T. C. S."

On the return of these goods the plaintiffs, under date of November 10, 1887, forwarded to the defendants other goods of like numbers and quantity of A No. 1 quality, in accordance with the proposition embraced in their letter of October 22, 1887, with the following letter :

" GENTLEMEN.— We are in receipt of your favors of Oct. 25th, Oct. 27, and Nov. 3d, with goods referred to in each respectively.

" We have examined every pair of these goods and this day, according to agreement, we return to you other goods perfect in every particular, as follows :    *    *    *

          " Yours truly, etc.,

              " MASON, CAMPBELL & CO.

                        " D. M."

The defendants refused to receive these goods and caused them to be returned to the plaintiffs without opening the box containing them. The plaintiffs refused to receive them on their return and brought this action to recover the purchase-price.

The contract for the sale and delivery of the gloves was executory. It became the duty of the defendants on the arrival of the goods, or within a reasonable time thereafter, to examine them and determine whether or not they were of the kind and quality ordered, and if they were found not to comply as to quality and kind, to promptly rescind the contract, and either return or offer to return the goods to the plaintiffs. (*Reed* v. *Randall*, 29 N. Y. 358; *Gaylord Manufacturing Co.* v. *Allen*, 53 id. 515; *Coplay Iron Company* (*Limited*) v. *Pope*, 108 id. 232.)

As we have seen, the defendants had examined every pair of the gloves before October sixth. They expressly so state in their letter of that date. There could consequently be no question of fact for the jury as to whether they had been given a reasonable opportunity to examine, for on that day they had examined and then returned to the plaintiffs such goods as they saw fit, and they were accepted and the amount thereof credited to the defendants. If the defendants had not desired to keep the other goods they should have then rescinded the contract and either returned or offered to return them, and in failing to do this they must be deemed to have elected to retain them under the contract. (*Beck* v. *Sheldon*, 48 N. Y. 365.)

It is true that the defendants in their letter of that date complained as to these goods and stated that they were not satisfied with them; that they would rather return them than to place them on sale, as the goods did not open up as the defendants think they should, and that they would prefer not to accept them even at a ten per cent allowance. But this does not amount to a rescission of the contract. The most that can be claimed is that it is an invitation for a proposal modifying the terms of the contract. Such a proposal was incorporated

in the plaintiffs' letter of October twenty-second. It was, in brief, that the defendants might return such goods as were not satisfactory and they would replace them with A No. 1 goods, and on the receipt of this by the defendants the goods were returned without a word or suggestion that they were not returned in accordance with the offer made. Under these circumstances we think the plaintiffs were fully justified in understanding and believing that the goods returned were to be replaced by new goods in accordance with their letter; that such a conclusion would be warranted from a fair interpretation of the correspondence referred to. It is apparent that this construction should prevail, for as we have already shown, the time in which the defendants had the right to rescind the contract and return the goods under the original contract had passed. They could legitimately do so only under the offer of October twenty-second.

Stress is laid by the appellants upon their request to "credit us with the amount" in their letter of October twenty-sixth, but it does not appear to us that this request has any significance, or that it gave the plaintiffs notice, or led them to understand, that the goods were not returned in accordance with their proposal of the twenty-second. It is the usual practice among dealers of the character of these parties to charge for the goods when shipped, and if returned to credit back, and in case new goods are shipped, to again charge for such goods. Such is the way in which their books are ordinarily kept. If the goods returned were accepted by the seller, he would, of course, credit them upon the account of the purchaser, even though he was to send new goods in their place.

The judgment should be affirmed, with costs.

All concur with HAIGHT, J., except LANDON, J., not sitting, and BRADLEY, J., who dissents on the ground that whether or not there was any agreement between the parties which permitted the plaintiffs to send to the defendants and required the latter to accept gloves in place of those returned to the plaintiffs after their letter of October 22, 1887, to the defendants, was a question of fact, which should have been submitted to

the jury. And, therefore, the defendants' exceptions to the refusal to submit the question to them, and to the direction of the verdict, were well taken.

Judgment affirmed.