(21 Misc. Rep. 35.)

### NATIONAL KEG & BOX CO. v. BAKER.

(Supreme Court, Appellate Term. July 29, 1897.)

CONTRACT OF SALE—DISAFFIRMANCE BY VENDEE.

Defendant refused to accept certain boxes, delivered to him by plaintiff under a contract, claiming that they were defective. To the agent of plaintiff who called upon him, and suggested defendant's paying a sum less than the contract price, defendant said he would give such sum, adding that, if plaintiff did not send a bill for it at once, the boxes would be subject to storage charges. No bill was sent, and defendant retained the boxes. *Held*, that defendant was bound to act promptly in disaffirming the contract, and, not having done so, was liable for the full price of the boxes.

Appeal from Third district court.

Action by the National Keg & Box Company against William H. Baker to recover for certain boxes manufactured and delivered. Defendant pleaded breach of contract, refusal to accept the boxes, and an agreement by which defendant was to return the boxes and pay $25. Judgment for plaintiff for $25 and costs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry L. Maxson, for appellant.

John Vincent, for respondent.

DALY, P. J. The plaintiff, a manufacturer of wooden boxes, supplied them to defendant upon the latter's orders from time to time, and this action is brought to recover for 540 boxes, at the agreed price of $130.04, which were delivered on October 31, 1894, upon

an order to manufacture, previously given. When the boxes were delivered, the defendant examined them, and found them to be full of knots, although they were required by the order to be free of knots. Notwithstanding this defect, he used about 50 of them. When the plaintiff's agent called upon him, after the delivery, he stated that he would not accept the boxes, because they were defective. The agent said he would report to the plaintiff, and shortly afterwards called upon defendant, and asked if the boxes were worth $25. Defendant replied that he would give $25 for them. The agent said he would send a bill for them, and the defendant replied, "If you don't send the bill right along, they will be subject to storage charges." No bill was sent, and nothing further done.

The above statement is substantially the defendant's version of the transaction, as opposed to the testimony of plaintiff's agent, who says that the proposition to give $25 for the boxes came first from defendant; that he submitted it to his company, and subsequently communicated to defendant that the proposition could not be received. But, taking the defendant's statement as correct, there was no agreement that the defendant should retain the boxes for $25. According to defendant's evidence, the plaintiff's agreement to that settlement was to be evidenced by its sending a bill for $25, and this was not done. The defendant understood that an agreement was not reached, because he stored the boxes. There being no settlement, the rights of the parties are to be determined without reference to the negotiations, which had no result. When the boxes were delivered, the defendant inspected them, and saw that they were not as ordered. If he desired to reject them, he was bound to act promptly by returning, or offering to return, the boxes, and, if return was refused, by storing them in plaintiff's name and at its risk, giving it notice thereof. Mason v. Smith, 130 N. Y. 480, 29 N. E. 749; Reed v. Randall, 29 N. Y. 363; Hargous v. Stone, 5 N. Y. 86; Wallace v. Valentine, 10 Misc. Rep. 645, 32 N. Y. Supp. 121. Instead of promptly disaffirming and notifying the plaintiff, the defendant actually used a number of the boxes, with full knowledge that they were not as ordered. This put it out of his power to rescind the contract, except by consent of the vendor, and, as we have seen, there was no consent. No subsequent notice of rejection availed defendant, who could not disaffirm the contract as to part of the goods, and retain the benefit of the other part. The plaintiff, upon the record before us, was entitled to judgment for the full amount claimed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.