### O'SULLIVAN v. YORK LUMBER CORP.

#### (Supreme Court, Appellate Term.   February 8, 1900.)

QUESTION OF FACT—FAILURE TO SUBMIT TO JURY.
> In an action for the amount due on lumber sold and delivered, where there was a conflict as to an alleged deficiency in the quantity of lumber delivered, it was error to direct a verdict for plaintiff for the full amount.

Appeal from city court of New York, general term.

Action by Denis O'Sullivan against the York Lumber Corporation.   From a judgment for plaintiff, affirmed by the general term (61 N. Y. Supp. 493), defendant appeals.   Reversed.

Argued before, FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Timothy Davenport, for appellant.

J. Bradley Tanner, for respondent.

LEVENTRITT, J.   The plaintiff sued to recover the sum of $106.37, with interest; being the balance alleged to be due for lumber sold and delivered by his assignor to the defendant.   The latter admitted an indebtedness in the sum of $68.04, but disputed liability as to the difference, both on the ground of the quantity and quality delivered.   A verdict was directed for the plaintiff for the full amount claimed.   An exception was duly taken, and hence the appeal.

It is clear from the record that the question of the alleged deficiency in quantity should have been submitted to the jury.   The plaintiff's assignor testified that the lumber shipped to the defendant comprised 11,433 feet.   The defendant's secretary testified that only 10,901 feet were received, and this testimony is supported by correspondence which passed between the parties to the transaction.   A conflict on a question of fact was thus presented, which it was not within the province of the court to solve.   If the question had been submitted to the jury, it could have believed the defendant's version, and a verdict in a less amount than that directed would necessarily have resulted.   The dispute as to shortage is entirely independent of that of acceptance, which the plaintiff urges to defeat both defenses.   Even had there been an acceptance, it could only have been of the quantity actually received.   Under no circumstances could the defendant be charged for the value of lumber not delivered.   As there must be a reversal on this ground, we do

not deem it necessary to consider the question of acceptance, as on a retrial the circumstances surrounding the dealings between the parties may be more fully developed, and establish more clearly whether that question is one of law or one of fact. Pierson v. Crooks, 115 N. Y. 551, 22 N. E. 349; Richardson v. Levi, 69 Hun, 432, 22 N. Y. Supp. 352; Mason v. Smith, 130 N. Y. 474, 29 N. E. 749; Brewing Co. v. Bullock, 8 C. C. A. 14, 59 Fed. 83. The obvious mistake in the computation of interest might by reduction have been corrected on this appeal, were there no reversible error in the case. We deem it advisable, however, to call attention to it. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.