H. HERRMANN LUMBER CO. v. HEIDELBERG, WOLF & CO.

(Supreme Court, Appellate Term. February 28, 1905.)

1. SALES—ORDER FOR GOODS—CONSTRUCTION—COMPLIANCE.

An order for a specified number of boards, clear stock, without knots, the boards to be two-eighths of an inch thicker than boards furnished under a previous transaction, does not call for a single piece of board, and does not prohibit the gluing together of boards to meet the required dimensions.

2. SAME—SELLER'S FAILURE TO COMPLY WITH CONTRACT—DUTY OF BUYER.

A buyer receiving boards from a seller pursuant to an order therefor must inspect the same on delivery, and, if they are not as ordered, he must promptly reject them, or store them on notice at the seller's expense.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 403, 406.]

3. SAME—RIGHT OF BUYER.

A buyer of a specified number and kind of boards cannot retain a part of them and reject the rest of the same character on the ground that they do not meet the requirements of the contract.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the H. Herrmann Lumber Company against Heidelberg, Wolf & Co. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Jacob Stiefel, for appellant.
Epstein Brothers, for respondents.

McCALL, J. The plaintiff in this action is a corporation conducting a lumber business, with its principal office in Canal street, in this city. In March of last year, in accordance with an order given by a duly accredited representative of the defendants, the plaintiff sent to defendants 500 boards, same being received by defendants in lots and by three separate deliveries. A dispute arose as to character and quality of the material delivered, and the defendants, upon demand of plaintiff, refused to pay, and hence this suit. From the record it is revealed that there had been previous transactions of a like character between these parties, and this particular contract is clearly and unequivocally set forth as follows: "I want about 500 boards. I want clear stock, and I don't want them with knots in, so that the rosin don't come off, because they are to hold goods on." "I said the other boards [referring to a previous order] were all right; the only thing, they were not strong enough, and he should make them two-eighths of an inch thicker." When questioned about this being the order, by defendants' counsel, Engler, the man who gave the order, answered as follows: "Q. Now, is this all the order you gave him? Ans. That is the order, yes." Subsequently he added, in response to further questioning: "I told him clear stock with-

out knots, so that the rosin don't get into the goods, because the goods is hot when it goes on the boards." I find nothing in this contract which calls for a single-piece board, nor which prohibits a board that has been glued together to meet the required dimensions being delivered. The record shows clearly, and it is admitted without any dispute, that 500 boards were delivered; that they were free from knots; and the un-refuted evidence in the case is that "clear stock" means lumber without knots, and nothing more. The defendants should have inspected these boards when they were delivered, and if they were not as ordered they should have promptly rejected them, or, in the alternative, stored them upon notice at plaintiff's expense. Reed v. Randall, 29 N. Y. 358, 86 Am. Dec. 305. Such an inspection was made, and, instead of rejecting same, some of the material was actually used. Subsequently notice of rejection could not avail defendants. They cannot disaffirm the contract as to part of the goods and retain the benefit of the other part. National Keg & Box Co. v. Baker (Sup.) 46 N. Y. Supp. 885. There is no merit in the claim that the alleged defect of the boards being glued was latent, and could only be ascertained after usage. Mr. Oettinger's testimony disposes of that effectually when he swore: "I came in and saw the boards standing ready for use. I saw the color ended very abruptly, and my knowledge of things tell me." "I saw the boards were glued." Exactly the reason the plaintiff advanced why any layman could tell from appearance the character of the boards delivered by him. On the question of the court's ruling on the proffered testimony of telephone communications, I believe they were correct, the plaintiff failing to establish a proper basis for its admission; but for the reasons set forth I deem this judgment erroneous, and the same should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.