ENGLISH LUMBER CO. v. SMITH.

(Supreme Court, Appellate Term, First Department.  February 10, 1916.)

SALES ☞288—ACCEPTANCE OF GOODS—NOTICE OF DEFECTS—COUNTERCLAIM.

Although the purchaser of wood accepted the goods, he could recover by counterclaim, in an action for the price, any damage because of breach of warranty, where he promptly notified the seller of the defects, under Personal Property Law (Consol. Laws, c. 41) § 130, as added by Laws 1911, c. 571, providing that acceptance of goods shall not discharge the seller from liability for breach of warranty, unless the buyer fail to give notice, within a reasonable time, of the breach.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. ☞288.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the English Lumber Company against Edgar H. Smith. From a judgment for plaintiff, defendant appeals.  Reversed, and new trial granted.

Argued January term, 1916, before GUY, BIJUR, and GAVE-GAN, JJ.

Horace D. Byrnes, of New York City (Frank J. Felbel, of New York City, of counsel), for appellant.

Williams, Folsom & Strouse, of New York City (Arthur D. Fisher, of New York City, of counsel), for respondent.

BIJUR, J. The question at issue in this case was the counterclaim of defendant for breach of warranty by plaintiff in connection with the sale of wooden "blanks" which were used for making table tops. Although the testimony offered on behalf of defendant was not in every respect competent, there was sufficient competent proof of damage and sufficient proof admitted without objection to the same effect to have warranted an allowance of a considerable proportion of the counterclaim.

The learned judge below was apparently of opinion that defendant could not recover for breach of warranty because he had accepted the goods, and dismissed the counterclaim, under Herrmann v. Heidelberg, 46 Misc. Rep. 465, 92 N. Y. Supp. 256. That decision, however, was rendered prior to the enactment of the present Sales Act (Laws 1911, c. 571), part of the Personal Property Law, and the rule referred to in the Herrmann Case was changed by section 130. There is no contradiction in the case at bar that defendant promptly notified plaintiff of the defects.

Respondent urges that the case was decided on the facts, but both from the record and from the remarks of the trial judge during the trial, it is evident that that contention is not supported.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.