### REICHENTHAL v. GLOCKNER et al.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

1. PLEADING ⬥⟹166—ANSWER—DENIAL OF NEW MATTER—PRESUMPTIONS.

   Where the answer in suit on a contract alleged a special agreement of the plaintiff to take back certain goods sold, the allegation was deemed denied without reply, under Code Civ. Proc. § 522, providing that an allegation of new matter in the answer, to which a reply is not required, is to be deemed controverted by the adverse party, and it is incumbent on the defendants to prove the agreement.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. ⬥⟹166.]

2. SALES ⬥⟹126(2)—INSPECTION OF GOODS—RETENTION—EFFECT.

   Retention of goods sold after opportunity for inspection waives any attempt to rescind the original contract.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 314; Dec. Dig. ⬥⟹126(2).]

3. SALES ⬥⟹366—ACTIONS—TENDER—EFFECT.

   In an action for the price of goods sold and retained, where defendants tendered a certain sum and disputed the balance, even if the plaintiff had failed to make out a prima facie case, the court should have rendered judgment for the amount tendered.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1078; Dec. Dig. ⬥⟹366.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph F. Reichenthal, doing business as J. G. Reichenthal & Co., against Jacob Glockner and another, individually and as copartners doing business under the firm name of J. Glockner & Co. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Louis Lichtenberg, of New York City, for appellant.

Otto A. Samuels, of New York City (Ralph H. Blum, of New York City, of counsel), for respondents.

COHALAN, J.   The complaint alleges the sale and delivery by the plaintiff to the defendants of certain goods, wares, and merchandise, of the agreed price and reasonable value of the sum of $197.20.   The

---

answer contains a general denial, and an affirmative defense, setting up a special agreement with the plaintiff after all the goods had been delivered. The defendants further claim in their answer to have returned some of the goods, retained part of the same, paid the sum of $75 on account, and alleged a tender of the sum of $48.05 before suit had been brought.

On the trial the defendants conceded that they received goods amounting to $272.20, and the plaintiff admitted the receipt on account thereof of $75, leaving a balance due and owing of $197.20. The court nonsuited the plaintiff, on the ground that he had not established, as part of his prima facie case, that the goods delivered were the goods that had been ordered, thereby disregarding the fact that the defendants had alleged a tender of the sum of $48.45.

[1, 2] The defendants claim (1) that the contract was a sale by sample; that plaintiff failed to prove in his prima facie case that the goods were equal to the sample; and (3) that the question of tender is a new issue, which cannot be raised on this appeal. The question of sample was not raised in the answer; but the defendants claim that, after all the goods had been ordered, they entered into a special agreement with the plaintiff, whereby the latter agreed to take back goods amounting in value to $147.25. This agreement is deemed denied, according to section 522 of the Code of Civil Procedure, and it was incumbent upon the defendants to prove the agreement. The retention of the goods, after an opportunity for an inspection of the same, is a waiver of any attempt to rescind the original contract. Mason v. Smith, 130 N. Y. 474, 29 N. E. 749; Gaylord v. Allen, 53 N. Y. 515.

[3] The plaintiff's testimony, considered in its entirety, clearly shows that the goods were delivered as ordered, and that on that issue the plaintiff made out a prima facie case. The defendants alleged a tender of $48.45 before suit had been brought, and paid the same into court. As the case stood, the defendants admitted owing $48.45 to the plaintiff, and disputed the balance. In the latter event, even if the plaintiff had not made out a prima facie case, it was incumbent upon the court to render judgment for the plaintiff for that amount.

In view of the pleadings, the concession of the delivery and sale of the goods, the plaintiff's testimony, and the tender made, it was error to have dismissed the complaint.

Judgment reversed, and new trial ordered, with $30, costs to the appellant to abide the event. All concur.